### VI.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, James England, Claire Levy, Deputy State Public Defenders, Denver, for defendant-appellant.

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Tommy LEE, a/k/a Roland Danielson, Defendant-Appellant.**

**No. 82CA0847.**

Colorado Court of Appeals, Div. III.

Sept. 8, 1983.

Rehearing Denied Nov. 10, 1983.

Certiorari Denied March 26, 1984.

BABCOCK, Judge.

The trial court revoked the defendant's probation and imposed a four-year sentence to prison which had been suspended upon the granting of the defendant's application for probation. The defendant spent 150 days in a work release program. The sole issue on appeal is whether the defendant is entitled to credit for time spent in the work release program.

The defendant contends that the imposition of a work release program as a specific condition of probation pursuant to § 16–11–212(1), C.R.S.1973 (1978 Repl.Vol. 8), constitutes "confinement" for which he is entitled to presentence credit pursuant to § 16–11–306, C.R.S.1973 (1982 Cum.Supp.). He argues that because he was committed to the Denver County Jail in conjunction with the work release program his case is distinguishable from our holding in *People v. Radar*, 652 P.2d 1085 (Colo.App.1982). We agree.

In *People v. Radar, supra,* we held that where residency in a community corrections facility is imposed as a condition of probation, it does not involve confinement as contemplated by § 16–11–306, C.R.S. 1973 (1982 Cum.Supp.). Section 16–11–212(1), C.R.S.1973 (1978 Repl.Vol. 8), provides that: "[U]tilization of the county jail, a municipal jail, or any other facility may be used for the probationer's full-time *confinement,* care, and maintenance, *except for the time he is released for scheduled work or education."* (emphasis added) *Cf.* § 17–27–101, et seq., C.R.S.1973 (1982 Cum.Supp.). Moreover, the trial court's order for the work release program provided that the defendant was "remanded to the custody of the Manager of Safety and Excise and Ex-officio Sheriff of the City and County of Denver."

We hold that where, as here, the trial court commits a probationer to a county jail or municipal jail as a facility utilized in conjunction with a work release program pursuant to § 16–11–212(1), C.R.S.1973 (1978 Repl.Vol. 8), upon revocation of probation, the probationer is entitled to presentence confinement credit for the *actual* time confined to the county or municipal jail.

The judgment is reversed and the cause is remanded. Upon remand, the number of days of presentence confinement for which credit is to be given shall be calculated by dividing the total number of hours of actual confinement in the Denver County Jail by 24.

STERNBERG and TURSI, JJ., concur.