The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David TAYLOR, Defendant–Appellant.

No. 93CA0451.

Colorado Court of Appeals, Div. III.

May 19, 1994.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, David Taylor, appeals from an order denying a motion to vacate his sentence. We reverse and remand to the trial court with directions.

In August 1991, defendant was convicted of one count of theft. Approximately three months later, the trial court sentenced him to probation with intensive supervision for a period of four years. On December 16, 1991, defendant filed a notice of appeal with this court. We affirmed defendant's theft conviction. *People v. Taylor,* (Colo.App. No. 91CA2039, September 2, 1993) (not selected for official publication). Following denial of a petition for certiorari on March 28, 1994, mandate issued on April 14, 1994.

Pursuant to the trial court's order, defendant was on probation during the time the appeal of his conviction was pending. The People filed a complaint to revoke defendant's probation on September 28, 1992, alleging that defendant had violated numerous conditions of his probation by failing to re-port for an appointment with his probation officer, leaving his residence during curfew hours, and testing positive for cocaine usage. At a hearing on October 9, 1992, defendant admitted the allegations in the People's complaint, and the trial court revoked defendant's probation and sentenced him to the Department of Corrections for five years.

Defendant filed a "Motion to Vacate Sentence" on January 29, 1993. He argued in his motion that the trial court had no jurisdiction to revoke his probation because, under C.A.R. 8.1(a)(4), the trial court's probation order was stayed when defendant filed a notice of appeal on December 16, 1991.

On February 2, 1993, the trial court denied defendant's motion without a hearing. The trial court reasoned that defendant had failed to request a stay and had elected to commence serving his sentence; therefore, defendant had waived any stay of his probation. The trial court stated in its order that the "universal practice" is to allow a defendant to start serving a probationary term immediately upon sentencing and that to construe C.A.R. 8.1(a)(4) otherwise would interfere with rehabilitation and the purpose of probation.

The sole argument defendant raises on appeal is that, since C.A.R. 8.1(a)(4) automatically stays a probation order when a notice of appeal is filed, the trial court did not have jurisdiction to revoke defendant's probation; thus, he concludes, the trial court erred in denying his motion to vacate the sentence. Under the circumstances here, we agree.

As it applies to defendant, C.A.R. 8.1(a)(4) provides, in pertinent part, that when a notice of appeal is filed: "[a]n order placing the defendant on probation shall be stayed...." The rule was modeled after and is similar to a former version of Fed.R.Crim.P. 38(a)(4). In 1972, Fed.R.Crim.P. 38(a)(4) was amended to exclude the mandatory language and now provides that the trial court "may" stay probation if an appeal is taken. The Advisory Committee on the federal rules noted in its discussion of that 1972 amendment that significant policy reasons exist for having a defendant on probation during appeal. The

Committee specifically listed community protection and defendant's rehabilitation as two of the policy reasons.

■ Probation is purely a statutory creation, and terms and conditions relating to probation must be strictly construed in accordance with the language of the applicable statutes. *See People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970).

■ For offenses committed on or after July 1, 1994, the General Assembly has amended the probation statute, § 16–11–202, C.R.S. (1986 Repl.Vol. 8A), to conform with the current version of Fed.R.Crim.P. 38(a)(4). As amended, the statute states that an order of probation is effective immediately upon entry of judgment of conviction and may be stayed only upon motion of the defendant in the discretion of the trial court. *See* Colo.Sess.Laws 1994, ch. —— at —— (H.B. 1063). And, until C.A.R. 8.1(a)(4) is amended to conform to the statute, § 16–11–202 as amended, will, upon taking effect, supersede the present rule. *See People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978); *People v. Hollis,* 670 P.2d 441 (Colo.App. 1983) (in substantive matters, a statutory enactment of the legislative branch prevails over a conflicting supreme court rule).

■ Nevertheless, C.A.R. 8.1(a)(4), as applicable to defendant, does not incorporate the language from the 1972 amendments to the federal rule. Instead, the "shall" language remains in place. The words of a statute or rule must be interpreted according to their plain and ordinary meaning, *People v. District Court,* 713 P.2d 918 (Colo.1986); *see also Watson v. Fenney,* 800 P.2d 1373 (Colo.App.1990) (rules of statutory construction apply to interpretation of rules of procedure), and the familiar and generally accepted meaning of "shall" indicates that the term is mandatory. *People v. District Court, supra.*

· [6] Accordingly, although the statutory amendments to § 16–11–202 and § 16–4–201(2), C.R.S. (1986 Repl.Vol. 8A) clearly indicate that the policy issues considered by the trial court are indeed valid, we must interpret the rule, as it applies to defendant, consistent with its plain language. More-

over, the recent legislative changes may be construed fairly to reflect a change in the law. *See People v. Browning,* 809 P.2d 1086 (Colo.App.1990). Hence, upon the filing of defendant's notice of appeal on December 16, 1991, the trial court's order placing him on probation was stayed.

The People, however, argue that defendant waived the right to a stay of the probation order because he participated in the probation program. They contend that we should interpret C.A.R. 8.1(a)(4) in a manner similar to C.A.R. 8.1(a)(2), which provides that a sentence shall be stayed "if a notice of appeal is filed and a defendant elects not to commence service of the sentence or is admitted to bail." *See also People v. Scott,* 176 Colo. 86, 489 P.2d 198 (1971) (defendant bound by decision not to commence sentence).

However, the People's reasoning is based on the specific language of C.A.R. 8.1(a)(2). In contrast, C.A.R. 8.1(a)(4) contains no such language. And, the People concede that, if C.A.R. 8.1(a)(4) is interpreted strictly as not incorporating an election provision, defendant is entitled to the relief he seeks on appeal. *Cf. People v. Chesnick,* 797 P.2d 812 (Colo.App.1990) (although case was determined on other grounds, People contended on appeal that defendant's probation was stayed pursuant to C.A.R. 8.1(a)(4)). Moreover, there is no evidence in the record of any advisement to defendant as to his right to an automatic stay, and the People do not argue that the record reflects that defendant voiced any conscious choice to waive that right. Thus, there is neither language permitting nor factual support for a waiver here.

Although defendant here clearly benefits from what has become a window of opportunity, we are bound to interpret the rule applicable to him as automatically staying a probation order when a notice of appeal is filed. Thus, the probation order in the present case was stayed pending the resolution of defendant's appeal, and the trial court had no jurisdiction later to revoke defendant's probation.

The order denying defendant's motion to vacate is reversed, and the cause is remand-

ed to the trial court. On remand, the trial court is directed to place defendant on probation pursuant to the terms of its original probation order entered on November 1, 1991, but in doing so, the trial court shall consider whether it would be appropriate to give credit for any period of probation when the stay was not in effect and for any later period of incarceration.

CRISWELL and TAUBMAN, JJ., concur.