**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Damon E. SLAYTON, Defendant– Appellant.**

**No. 93CA1145.**

Colorado Court of Appeals, Div. V.

June 2, 1994.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, James J. Kissell, Deputy State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Damon Slayton, appeals from the trial court's order revoking his deferred judgment and sentence and imposing a sentence to probation. We affirm.

On appeal, defendant contends the trial court erred in revoking his deferred judgment and sentence based upon a violation of the terms and conditions thereof by virtue of

his violation of a municipal ordinance. He argues that only the commission of an offense which violates state statutes can form the basis for revocation. We disagree.

Defendant entered a plea of guilty to second degree forgery and was granted a deferred judgment and sentence. One condition of the deferred judgment and sentence was that he not commit another offense during the period of supervision.

He subsequently entered a guilty plea to committing battery in violation of the Aurora Municipal Code and was sentenced to a 30–day jail term of which 28 days were suspended. Based upon this violation, the trial court revoked his deferred judgment and sentence and imposed a sentence of two years probation.

The stipulation for deferred judgment and sentence states: "The Defendant will not commit another offense during the period of supervision." The term "offense" is not defined in the stipulation.

The power to enter into a deferred judgment and sentence is derived from § 16–7–403, C.R.S. (1993 Cum.Supp.). That statute specifically provides that: "[U]pon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea." And, the conditions imposed in deferred sentencing are to be "similar in all respects to conditions permitted as part of probation." Section 16–7–403. The conditions of probation "shall be such as the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life . . . ." and require as a condition of probation that the defendant not "commit another offense" during the probationary period. Section 16–11–204(1), C.R.S. (1993 Cum.Supp.)

The general provisions of § 16–1–101, et seq., C.R.S. (1986 Repl.Vol. 8A) prescribe that "words or phrases not defined in this code but which are defined in the 'Colorado Criminal Code' (title 18, C.R.S.) shall have the meanings given therein except when a particular context clearly requires a different meaning." Section 16–1–105(2), C.R.S. (1986 Repl.Vol. 8A). The term "offense" is not defined in Title 16; however, it is defined in § 18–1–104(1), C.R.S. (1986 Repl.Vol. 8B) as "a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed." Nevertheless, we do not view the latter statute as controlling in the context presented here.

The first goal of a court in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine the legislative intent, courts look first to the statutory language. *People v. Terry,* 791 P.2d 374 (Colo.1990). And, if such language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. *Bloomer v. Boulder County Board of Commissioners,* 799 P.2d 942 (Colo. 1990).

Here, we conclude that both probation and deferred sentencing are premised on a defendant's leading a law-abiding life and that, within that context, an "offense" would include any violation of a statute or ordinance for which confinement is authorized as a penalty. *See Schiffner v. People,* 173 Colo. 123, 476 P.2d 756 (1970). Accordingly, we perceive no error in the trial court's order revoking the deferred judgment and sentence.

The order is affirmed.

RULAND and CASEBOLT, JJ., concur.