The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Rex C. RHORER, Defendant–Appellant.**

No. 93CA1510.

Colorado Court of Appeals, Div. I.

Feb. 20, 1997.

Rehearing Denied March 27, 1997.

Certiorari Granted Nov. 3, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Nora V. Kelly, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Rex C. Rhorer, appeals the judgment of conviction of second degree burglary and the district court's later order denying his Crim.P. 35(c) motion. We affirm the order denying the Crim.P. 35(c) motion, vacate the conviction of burglary, and remand with directions to enter a judgment of conviction of criminal trespass and resentence defendant for that offense.

Defendant was charged with and tried for second degree burglary, menacing, and two counts of being an habitual criminal. According to the testimony of the victim, who was defendant's former girlfriend, defendant broke into her bedroom through a window while she was sleeping. At that time, a "no contact" court order of the Denver County Court, issued pursuant to a municipal ordinance, was in effect.

In the elemental instruction on the burglary charge, the jurors were told that, in order to convict defendant, they had to find that, at the time of the entry, he had the intent of committing either the crime of assault, of menacing, or of violating the no-contact order. With respect to the intent to violate the no-contact order, they were instructed that it is unlawful for a person "to commit an [*i.e.*,

any] act, which is prohibited by any court pursuant to valid order. . . ."

The jurors were provided with a special verdict form which listed each of the three possible specific intents that defendant was charged with possessing, *i.e.*, to violate the court order, to assault, or to menace, and they were instructed that they were to check "one or more of the appropriate" items. On this verdict form, the jurors checked only the item with respect to the intent to violate the court order, and they left the other two items blank. Defendant asserts and the Attorney General agrees that, under this instruction, the jurors' failure to check the other two items constitutes a finding that the prosecution failed to prove that defendant possessed either of the other two intents. In addition, defendant was found not guilty of the charge of menacing.

After receiving this verdict and as a part of a plea agreement, defendant pleaded guilty to the two habitual criminal counts.

While this appeal was pending, the district court, on limited remand, denied defendant's Crim.P. 35(c) motion in which he claimed that he had received ineffective assistance of trial counsel because of a conflict of interest. Defendant appeals both from the judgment of conviction and from this later order.

### I.

Because of the nature of defendant's claims, we must first consider the trial court's denial of defendant's Crim.P. 35(c) motion. Defendant argues that he was denied effective assistance of counsel because of a conflict of interest that arose when the public defender representing defendant at the trial here alleged that defendant had received ineffective assistance in the proceedings leading to his previous convictions, when he was also represented by a public defender, and that his previous attorneys had failed to challenge one of the convictions when there was an opportunity to do so. We are not persuaded.

Before defendant's trial here, his public defender filed a motion to suppress evidence of his previous convictions. That motion contained, among several other assertions, an allegation that defendant had received ineffective assistance of counsel when represented in two previous proceedings in which he had entered guilty pleas. These previous convictions formed the basis for the two habitual criminal counts here.

The prosecution challenged defendant's motion, claiming that any attack on the earlier of the two previous convictions was time barred pursuant to § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). Defense counsel then filed a brief asserting, in a one-sentence alternative argument, that the time bar should not be applied to him because "his prior attorney failed to challenge his convictions when they [sic] had an opportunity to do so."

In its ruling on defendant's motion, the trial court concluded that any attack on the first conviction was time barred under § 16–5–402 and that no justifiable excuse existed. The trial court further rejected any collateral attack on the second of the previous convictions.

■ The constitutional guarantees of the right to effective assistance of counsel in a criminal prosecution may be violated not only when an attorney's representation falls below that to be expected of a reasonably competent attorney, but also when that representation is intrinsically improper because of an actual conflict of interest. If a conflict of interest is asserted, and as here, no objection is raised during the trial based upon such a conflict, a showing is later required that the attorney labored under an actual conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). While a showing of actual prejudice is not a condition of relief if an actual conflict is alleged, a mere potential conflict of interest will not justify post-trial relief. *People v. Castro*, 657 P.2d 932 (Colo.1983).

■ Reading defendant's one sentence alternative allegation in his brief liberally, we construe it to be an assertion that the previous public defenders' failure to make a timely attack on the first conviction amounted to ineffective assistance of counsel, and that such representational inadequacy constituted justifiable excuse or excusable neglect to extend the time bar created by § 16–5–402.

However, defendant provided no description of any basis upon which the prior conviction could have been attacked. Hence, no finding of ineffective assistance is sustainable. *See People v. Boehmer,* 872 P.2d 1320 (Colo.App. 1993) (mere failure to challenge a prior conviction does not, by itself, establish ineffective assistance of counsel).

■ Similarly, defendant claimed he was deprived of effective assistance by the public defenders who previously represented him, but he alleged no facts to support this allegation. Indeed, this issue was not addressed in his supporting brief. A naked accusation of ineffective assistance of counsel, without a description of specific facts, is an insufficient basis for a collateral attack upon a prior conviction. *DeBaca v. District Court,* 163 Colo. 516, 431 P.2d 763 (1967).

■ To make the requisite showing of an actual conflict of interest, the defendant must present at least an arguable basis for the underlying ineffective assistance of counsel challenges. *See People v. Wood,* 844 P.2d 1299 (Colo.App.1992) (no conflict of interest between first and second attorney shown when there was no evidence that the first attorney committed error in representation and second attorney failed to advise him of the nonexistent error). Otherwise, any conflict is, at best, a potential one.

In *People v. Castro, supra,* the case relied upon by defendant, the public defender was placed in a situation inherently productive of divided loyalty: the simultaneous representation of a defendant in a criminal charge and the District Attorney in a challenge to a petition to recall him from office. There, the court found it was impossible to assess the impact of the conflict on the attorney's tactics and decisions.

Here, however, the record is devoid of any basis that the public defender might have had to claim that previous counsel were ineffective. And, there is no indication that the public defender lacked any zealousness in pursuing defendant's claims. Accordingly, we reject defendant's contention that trial counsel labored under an actual conflict of interest.

## II.

■ Defendant next contends that his conviction of second degree burglary must be reversed because a violation of the no-contact order issued by the county court is not a crime. Given the specific circumstances here, we agree.

A person commits second degree burglary if he or she knowingly breaks an entrance into, or enters, or remains unlawfully in a building with intent to commit therein "a *crime* against a person or property." Section 18–4–203, C.R.S. (1986 Repl.Vol. 8B) (emphasis added).

Here, the burglary charge was submitted to the jury under three possible alternative theories as to the intent possessed by defendant at the time that he made his unlawful entry into the victim's dwelling. The finding, however, was that, at the time of the entry, defendant did not possess the intent either to assault the victim or to menace her. His only intent was to violate the terms of the no-contact order.

This order was entered by the Denver County Court, and according to the clerk of that court, it was entered in proceedings in which defendant was prosecuted for a municipal ordinance violation for "disturbing the peace, assault, threats and wrongdoings to minors." However, the ordinance that defendant was charged with violating was not placed in evidence, and it is not a part of this record. Likewise, there was no evidence produced that described the nature of defendant's acts that were the basis for the charges.

■ The no-contact order prohibited defendant from having any contact "in person, by mail, [or] by telephone" with the victim, or from causing another person to contact her. In the trial court, both the prosecutor and defense counsel, as well as the court itself, acted on the assumption that this order was entered pursuant to a Denver municipal ordinance. However, no copy of that ordinance was placed in evidence, and neither the trial court nor this court is authorized to take judicial notice of its terms. *See City of Pueblo v. Murphy,* 189 Colo. 559, 542 P.2d 1288 (1975).

Finally, this court order notified defendant that its violation would be "a crime pursuant to D.R.M.C. [Denver Revised Municipal Code] 38–44 which is punishable up to 180 days jail and $999 fine." Again, the People did not produce a copy of the ordinance referred to, but both the parties and the trial court accepted this notice as an accurate description of the ordinance's effect. We will do likewise.

Both in the trial court and before us, the People have argued that the violation of a municipal ordinance is a "crime" for purposes of the burglary statute, particularly if, as here, an offender can be subjected to a fine and incarceration for such violation. And, the trial court concluded that, because the municipal ordinance referred to in the no-contact order made it a "crime" to violate that order, such violation would also constitute a predicate crime under the burglary statute.

We disagree with this conclusion.

More than 100 years ago, our supreme court determined that, because a municipal ordinance is not a "public law," its violation is not a crime. *City of Greeley v. Hamman,* 12 Colo. 94, 20 P. 1 (1888).

More to the modern point, the present Colorado Criminal Code makes the terms "offense" and "crime" synonymous and defines those terms as any "violation of, or conduct defined by, any *state statute* for which a fine or imprisonment may be imposed." Section 18–1–104(1), C.R.S. (1986 Repl.Vol. 8B) (emphasis supplied).

The code specifically prescribes that:

[N]o conduct shall constitute an offense unless it is described as an offense *in this code* or in another *statute of this state.*

Section 18–1–104(3), C.R.S. (1986 Repl.Vol. 8B) (emphasis supplied).

Hence, the fact that the violation of the no-contact order may have constituted a violation of a municipal ordinance does not, by that fact alone, make that conduct a crime for purposes of the Criminal Code. Likewise, the fact that a violation of a court order may result in contempt proceedings does not render the contemptuous conduct criminal.

*Benninghoven v. Dees,* 849 P.2d 906 (Colo. App.1993).

*People v. Slayton,* 878 P.2d 106 (Colo.App. 1994) does not reach a contrary result. There, the issue presented was whether the term, "offense," as used by the court in imposing a condition upon its acceptance of a deferred judgment and sentence, included the violation of a municipal ordinance. It was concluded that the statutory definition in § 18–1–104 did not limit the concept for this purpose.

At no point in these proceedings, either in the trial court or in their brief or argument before this court, have the People argued that defendant's violation of the no contact order would also have violated some state statute. They have relied, exclusively, upon their assertion that the violation of a municipal ordinance, for which incarceration or a fine may be imposed, constitutes a "crime" under § 18–4–203.

Nevertheless, we must note that, presently, §§ 18–6–803.5(1) and 18–6–803.5(2), C.R.S. (1996 Cum.Supp.) provide that it is a class 2 misdemeanor to contact any person in violation of any restraining order issued pursuant to any of several state statutes or as a "part of the proceedings concerning a criminal municipal ordinance violation. . . ."

At the time of the charged incident here, however, that statute read as follows:

A person commits the crime of violation of a restraining order if such person commits an act which is prohibited by *any* court pursuant to a valid order issued pursuant to section 13–6–107, C.R.S. [restraining order to prevent emotional abuse of the elderly], sections 14–4–101 to 14–4–104, C.R.S. [restraining order to prevent domestic abuse], section 18–1–1001 [restraining order to protect witnesses in a criminal case], rule 365 of the Colorado rules of county court civil procedure [restraining order to prevent serious bodily injury], or an order issued by any district court, as provided for in Section 14–10–108, C.R.S. [restraining order to prevent encumbrance of property or molesting or disturbing the peace], which restrains and enjoins any person from threatening, beating, striking, or assaulting any other person or requires

a person to leave certain premises and refrain from entering or remaining on such premises, or *a municipal ordinance which provides for an order to issue which restrains any person from threatening, molesting, or injuring any person, or entering or remaining on the premises,* or if such person fails to perform any act mandated by any such order, after such person has been personally served with any such order or otherwise has acquired from the court actual knowledge of the contents of any such order.

Colo.Sess. Laws, 1992, ch. 35, § 18–6–803.5(1) at 177 (emphasis supplied).

Here, because the People did not rely upon the foregoing statute, this record contains no assertion nor any evidence that the pertinent no-contact order was entered pursuant to any of the referenced statutes. Rather, the specific testimony was that it was entered as a part of the proceedings for the violation of a municipal ordinance.

Further, as we have noted, neither the ordinance that defendant was charged with violating nor the ordinance pursuant to which the no contact order was entered was placed into the record, nor was any reference made to those enactments, either by the parties or by the trial court.

Finally, the statute as it existed in September 1992 appears to make it a crime to violate a court order entered pursuant to a municipal ordinance only to the extent that such order prevented threats, molestation, or injury of a person, or entering or remaining on premises.

Certainly, a no-contact order of the nature entered here would prevent all of these activities.

■ However, an intent simply to enter premises, even if in violation of a court order, would not constitute an intent to commit another crime "therein." To commit burglary, it is necessary that the actor have an intent to commit another crime, not just the intent to make an unlawful entry. *See People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972).

Finally, the jury's finding that defendant did not intend to assault or to menace the victim negates any determination that defendant violated the other portions of the no contact order described in the statute.

Given these circumstances, we conclude that this record contains insufficient evidence to affirm defendant's conviction of burglary.

### III.

Because we have concluded that, given the jurors' special findings, the evidence could not support defendant's conviction of burglary, the question is presented whether defendant can be re-tried upon any charge or whether a conviction of a lesser offense may be entered.

Both parties agree, and we conclude, that defendant cannot be re-tried on the burglary charge. The jury determined that defendant did not possess the intent to assault or to menace the victim, and we have determined that an intent merely to enter the premises in violation of the no contact order could not support a conviction of such a charge.

■ Here, however, defendant was charged with second degree burglary by unlawfully entering the victim's "dwelling," and by their verdict, the jurors found that he did, in fact, make such an unlawful entry. In addition, the jurors were instructed that criminal trespass was a lesser included offense of the burglary charge, but that they were not to consider that offense if they found defendant guilty of the burglary charge. Defendant made no objection to any of these instructions.

The People argue that, because the jury's verdict constitutes a finding that defendant made such an unlawful entry and that finding is supported by competent evidence, *Crespin v. People,* 721 P.2d 688 (Colo.1986) authorizes a remand for entry a conviction of that lesser charge, even though, because of his conviction of the greater charge of burglary, no specific verdict was returned with respect to that lesser charge. We agree.

We recognize that there is a question whether criminal trespass is a lesser included offense of second degree burglary. *See People v. Garcia,* 920 P.2d 878 (Colo.App.1996) (*cert. granted* Aug. 15, 1996). However, we

conclude that, whether such offense is a lesser included or a lesser non-included offense is irrelevant under the present record.

As noted, the verdict here specifically found that defendant unlawfully entered a "dwelling." Hence, even if criminal trespass is not to be considered as included within the charge of burglary, that finding would require a conviction of criminal trespass.

 Further, while a jury cannot be instructed upon a lesser non-included offense unless a defendant requests or consents to such an instruction, *see People v. Skinner,* 825 P.2d 1045 (Colo.App.1991), defendant raised no objection to that instruction. Hence, the giving of such instruction here did not constitute error. *See People v. Hogan,* (Colo.App. No. 94CA2079, Dec. 27, 1996).

The order denying the Crim.P. 35(c) motion is affirmed. The judgment of conviction of burglary is vacated, and the cause is remanded with directions to enter a judgment of conviction of criminal trespass and to impose sentence for that offense.

JONES, J., concurs.

METZGER, J., concurs in part and dissents in part.

Judge METZGER concurring in part and dissenting in part.

I concur in the affirmance of the denial of defendant's Crim.P. 35(c) motion. However, I respectfully dissent from the reversal of defendant's burglary conviction and the imposition of a conviction for a lesser offense.

Section 18–6–803.5(2), C.R.S. (1996 Cum. Supp.) provides that: "Violation of a restraining order is a class 3 misdemeanor when the court order violated has been issued pursuant to ... sections 14–4–101 to 14–4–104, C.R.S. ...." This provision became effective July 1, 1992.

Colo.Sess. Laws 1989, ch. 139, § 14–4–102(1) at 783 authorized county and district courts to issue temporary and permanent restraining orders. Colo.Sess. Laws 1989, ch. 139, § 14–4–102(2) at 783 provides: "A temporary or permanent restraining order to prevent domestic abuse may include: (a) Restraining a party from threatening, molesting, injuring, or contacting any other party or the minor children of either of the parties...." This provision became effective April 19, 1989.

Colo.Sess. Laws 1991, ch. 127, § 14–4–102(1) at 743 added municipal courts of record, if authorized by the municipal governing body, to those courts empowered to issue temporary and permanent restraining orders to prevent domestic abuse. This provision became effective April 4, 1991.

The offense here occurred on September 7, 1992. As of that date, violation of a no contact order issued by a municipal court was a class 3 misdemeanor. Thus, that crime was an appropriate predicate offense for the crime of burglary. Accordingly, I would reject defendant's contention and affirm his burglary conviction.