The PEOPLE of the State of
Colorado, Petitioner,

v.

Rex C. RHORER, Respondent.

No. 97SC320.

Supreme Court of Colorado,
En Banc.

Oct. 19, 1998.

Rehearing Denied Nov. 16, 1998.

Gale A. Norton, Attorney General, Martha Phillips Albright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

Nora V. Kelly, P.C., Nora V. Kelly, Denver, for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari in *People v. Rhorer*, 946 P.2d 503 (Colo.App.1997), to determine whether violation of a "no-contact" court order (no-contact order) issued by the Denver County Court pursuant to a municipal ordinance can serve as a predicate act, i.e., constitutes a "crime," for purposes of the second degree burglary statute, section 18–4–203, 6 C.R.S. (1998).[1] In contrast to the trial court, the court of appeals held that an intent to violate a no-contact order does not qualify as an "intent to commit therein a crime against a person or property." § 18–4–203, 6 C.R.S.

---

1. We granted certiorari as to the following issue: Whether a violation of a restraining order which had been issued by a county court in connection with a prosecution for a municipal ordinance violation can serve as a predicate crime for a burglary prosecution under section 18–4–203, 8B C.R.S. (1992 Supp.).

(1997). Because the jury found that the respondent, Rex C. Rhorer (Rhorer), intended to commit a violation of the no-contact order but did not intend to commit the crime of assault or menacing, the court of appeals reversed Rhorer's conviction for burglary and instructed the trial court to enter a judgment of conviction for criminal trespass, a lesser-included offense.

We disagree with the court of appeals' analysis. We hold that a violation of a no-contact order constitutes a predicate crime for purposes of the burglary statute. See §§ 18–6–803.5(1) & 18–6–803.5(2), 8B C.R.S. (1992 Supp.) (making it a class 3 misdemeanor to violate a restraining order).[2] Hence, we reverse the judgment of the court of appeals.

## I.

On September 7, 1992, Rhorer was arrested for breaking into the home of his ex-girlfriend, Debbie Martinez (Martinez). At that time, a no-contact order, issued by Denver County Court on August 15, 1992, was in effect prohibiting Rhorer from contacting Martinez. At trial, Martinez testified that Rhorer, in an effort to get into her house, broke the basement window of her bedroom. Rhorer was charged by information with second degree burglary. In addition, he was subsequently charged with two counts of being an habitual offender, section 16–13–101, 6 C.R.S. (1998), and one count of menacing, section 18–3–206, 6 C.R.S. (1998).

At the close of trial, the trial court instructed the jury that, in order to convict Rhorer of the crime of second degree burglary, the prosecution had to prove beyond a reasonable doubt that Rhorer "knowingly, unlawfully broke an entrance into, or entered or remained in a dwelling with intent to commit therein a crime of Assault, Menacing or Violation of a No Contact Order." The trial court further instructed the jury that "[i]t is unlawful for any person to commit an act which is prohibited by any court pursuant to a valid order issued as part of the proceedings concerning a criminal municipal ordinance violation."

On the second degree burglary count, the jury was provided with a verdict sheet which allowed the jury to find the defendant guilty of that crime on the basis of: (1) the intent to commit third degree assault; or (2) the intent to commit menacing; or (3) the intent to violate the no-contact order. The jury returned a verdict finding Rhorer guilty of one count of second degree burglary with the intent to violate only the no-contact order. The jury also returned a verdict finding Rhorer not guilty of the charge of menacing. Thus, the trial court's instructions and the verdict sheet for the second degree burglary charge deemed a violation of a no-contact order an appropriate predicate crime for second degree burglary.

Before the second phase of the trial had commenced (the habitual offender phase), Rhorer pleaded guilty, as part of a plea agreement, to two counts of being an habitual offender. Hence, the habitual offender counts were not tried to a jury. Rhorer was ultimately sentenced to twenty-five years of incarceration.

Rhorer appealed his conviction for second degree burglary and the denial of his Crim. P. 35(c) motion.[3] The court of appeals upheld the trial court's denial of the Crim. P. 35(c) motion and that denial is not before us. The court of appeals vacated Rhorer's conviction for second degree burglary and remanded the case to the trial court with instructions to enter a judgment of conviction of criminal trespass (a lesser included offense) and to sentence Rhorer accordingly. One judge dissented in part on the ground that violation of a no-contact order is a crime under section 18–6–803.5, 8B C.R.S. (1992). See Rhorer, 946 P.2d at 509 (Metzger, J., concurring in part and dissenting in part).

## II.

Section 18–4–203, 6 C.R.S. (1998), provides, in relevant part, as follows:

---

**2.** Section 18–6–803.5 has since been amended to provide, among other things, that a violation of a restraining order is a class 2 misdemeanor. See § 18–6–803.5(2), 6 C.R.S. (1998).

**3.** Pursuant to a limited remand, the trial court considered Rhorer's Crim. P. 35(c) motion for ineffective assistance of counsel based on an alleged conflict of interest.

**Second Degree Burglary.** (1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.

The no-contact order, labeled "Denver Municipal Criminal Case," provided as "notice to defendant" that:

If you contact or cause anyone else acting for you, to have contact with the person named above [Debbie Martinez], you will be in violation of this Order. Violation of this order is a crime pursuant to D.R.M.C. [Denver Revised Municipal Code] 38–44 which is punishable up to 180 days in jail and $999 fine. Further, the Court may revoke your bond probation or hold you, the Defendant, in contempt of court.

Citing *City of Greeley v. Hamman*, 12 Colo. 94, 20 P. 1 (1888), the court of appeals noted that "because a municipal ordinance is not a 'public law,' its violation is not a crime." *Rhorer*, 946 P.2d at 507. Further, the court of appeals noted that the Colorado Criminal Code defines both "offense" and "crime" as a " 'violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed.' " *Id.* (quoting § 18–1–104(1), 8B C.R.S. (1986)). The court of appeals also quoted section 18–1–104(3), 8B C.R.S. (1986) of the Colorado Criminal Code which provides that " 'no conduct shall constitute an offense unless it is described as an offense *in this code* or in another *statute of this state.*' " *Rhorer*, 946 P.2d at 507 (quoting § 18–1–104(3), 8B C.R.S. (1986)(emphasis added)).

The People argue that Rhorer's violation of the no-contact order is a crime because it was prohibited by state statute as well as a municipal ordinance. At the time that Rhorer violated the no-contact order, section 18–6–803.5, 8B C.R.S. (1992 Supp.), provided in relevant part as follows:

**Crime of violation of a restraining order—penalty.** (1) A person commits the crime of violation of a restraining order if such person commits an act which is prohibited by any court pursuant to a valid order issued pursuant to section 13–6–107, C.R.S., sections 14–4–101 to 14–4–104, C.R.S., section 18–1–1001, rule 365 of the Colorado rules of county court civil procedure, or an order issued by any district court, as provided for in section 14–10–108, C.R.S., which restrains and enjoins any person from threatening, beating, striking, or assaulting any other person or requires a person to leave certain premises and refrain from entering or remaining on such premises, or a municipal ordinance which provides for an order to issue which restrains any person from threatening, molesting, or injuring any person, or entering or remaining on the premises, or any protective order issued pursuant to title 19, C.R.S., or if such person fails to perform any act mandated by such order, after such person has been personally served with any such order or otherwise has acquired from the court actual knowledge of the contents of any such order.

(2) Violation of a restraining order is a class 3 misdemeanor when the court order has been issued pursuant to section 13–6–107, C.R.S., section 14–4–101 to 14–4–104, C.R.S., the portions of section 14–10–108, C.R.S., authorizing the restraining and enjoining of any person from threatening, beating, striking, or assaulting any other person requiring a person to leave certain premises and refrain from entering or remaining on such premises, rule 365 of the Colorado rules of county court civil procedure, any protective order issued pursuant to title 19, C.R.S., or a municipal ordinance which provides for an order to issue which restrains any person from threatening, molesting, or injuring any person, or entering or remaining on the premises.

The court of appeals found that section 18–6–103.5 was not dispositive of this case for two reasons. First, the court of appeals found that the People failed to raise the violation of a state statute before the trial court and the court of appeals, and instead, relied exclusively on the contention that a violation of a municipal ordinance is a crime. *See Rhorer*, 946 P.2d at 507. Second, the court of appeals concluded that, even if violation of a state statute had been raised, "an

intent simply to enter premises, even if in violation of a court order, would not constitute an intent to commit another crime 'therein'" as required under the burglary statute. *Id.* at 508. Citing *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972), the court of appeals explained that burglary requires an intent to "commit another crime, not just the intent to make an unlawful entry." 946 P.2d at 508.

We disagree with the reasoning of the majority of the court of appeals and conclude that Rhorer's intent to violate the no-contact order by breaking into Martinez's home does meet the requisite second degree burglary element of committing a crime on the premises. Thus, we agree with the approach taken by Judge Metzger's dissent in the court of appeals. Specifically, we find that sections 18–6–803.5(1) and 18–6–803.5(2), 8B C.R.S. (1992 Supp.), made it a crime (a third degree misdemeanor) to violate a restraining order.

On appeal a party may defend the judgment of the trial court on any ground supported by the record. *See People v. Quintana,* 882 P.2d 1366, 1371 (Colo.1994). The record indicates that the People raised section 18–6–803.5, 8B C.R.S. (1992 Supp.), in its answer brief to the court of appeals,[4] and that the instructions given to the jury at trial were not contrary to that argument.

We are not troubled, as was the court of appeals, by the fact that the relevant municipal ordinance was not in evidence. The court of appeals correctly explained that, because the municipal ordinance was not in evidence, the record failed to reflect whether the no-contact order was entered pursuant to any of the statutes referenced in section 18–6–803.5(1), 8B C.R.S. (1992 Supp.). However, the no-contact order at issue here was obviously intended to protect Martinez from the harms delineated in section 18–6–

803.5(1), i.e., it essentially "enjoin[ed] [Rhorer] from threatening, beating, striking or assaulting" Martinez and "require[d] [Rhorer] to leave certain premises and refrain from entering or remaining on such premises." § 18–6–803.5(1), 8B C.R.S. (1992 Supp.).

Moreover, as noted by the court of appeals' dissent, at the time of the incident at issue here (September 7, 1992), the relevant portions of the Domestic Abuse Act, sections 14–4–101 to –105, 6B C.R.S. (1992 Supp.), provided that:

(1) A municipal court of record, if authorized by the municipal governing body, county court, and district court shall have authority to issue temporary and permanent restraining orders to prevent domestic abuse

. . . .

(2) A temporary or permanent restraining order to prevent domestic abuse may include:

(a) Restraining a party from threatening, molesting, injuring, or contacting any other party or the minor children of either of the parties;

. . . .

(c) Excluding a party from the home of another party upon a showing that physical or emotional harm would otherwise result[.]

§ 14–4–102(1) & (2), 6B C.R.S. (1992 Supp.); *see also Rhorer,* 946 P.2d at 509 (Metzger, J., concurring in part and dissenting in part).

When the Denver County Court issued a no-contact order barring Rhorer from contacting Martinez, it invoked its authority pursuant to sections 14–4–102(1) and (2). Violation of a restraining order issued pursuant to that authority constitutes a crime under sections 18–6–803.5(1) and 18–6–803.5(2). Thus, Rhorer's violation of the no-contact order was an appropriate predicate crime under the second degree burglary statute.[5] His

---

4. The People's answer brief stated as follows:
Rhorer was charged with having committed second degree burglary in September 1992. At that time § 18–6–803.5, C.R.S. (1992) provided that a violation of a protective order issued pursuant to a municipal ordinance which provides for an order to issue which restrains any person from threatening, molest-

ing, or injuring another person, or entering or remaining on the premises was a misdemeanor.

5. We reject Rohrer's contention that there is any statutory ambiguity to justify application of the rule of lenity. *See Wilczynski v. People,* 891 P.2d 998, 1002 (Colo.1995).

intent to violate the no-contact order by breaking into Martinez's home constituted an "intent to commit therein a crime against person or property" and fulfilled that element of the crime of second degree burglary.[6] § 18–4–203, 6 C.R.S. (1997).

Hence, we find that the jury was appropriately instructed that violation of the no-contact order could serve as a predicate crime for second degree burglary.

### III.

For the reasons discussed above, we reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the jury verdict finding Rhorer guilty of second degree burglary.

---

**6.** Because the jury chose as the predicate crime the intent to violate the no-contact order rather than the intent to commit the crimes of assault or menacing, the court of appeals concluded that the jury failed to find that Rhorer intended to commit a crime against Martinez apart from the intent to commit an unlawful entry.

However, we disagree with the court of appeals' reasoning and reject Rhorer's assertion that an intent to violate a restraining order is not specific enough as to what crime Rhorer intended to commit, for purposes of second degree burglary, once on the premises. The jury found that Rhorer had the requisite intent to violate the no-contact order. The General Assembly has deemed this a crime in and of itself. See § 18–6–803.5, 8B C.R.S. (1992 Supp.).