Arnold WATSON d/b/a Outfitters West, Plaintiff–Appellee,

v.

Andrew G. FENNEY d/b/a Deer Valley Lodge and Deer Valley Estates, Defendant–Appellant.

No. 89CA2077.

Colorado Court of Appeals, Div. A.

Oct. 11, 1990.

Darrow & Helmsing, Gregg Helmsing, Delta, for plaintiff-appellee.

Yates & Davies, James A. Cleland, Durango, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Andrew G. Fenney d/b/a Deer Valley Lodge and Deer Valley Estates, was the losing party in an arbitration proceeding. He appeals the order which dismissed his motion for a trial *de novo* and entered judgment on the arbitrator's award in favor of the plaintiff, Arnold Watson d/b/a Outfitters West. We reverse and remand.

Pursuant to C.R.C.P. 109.1, a mandatory arbitration proceeding was held on plaintiff's claim for breach of a written lease. The arbitrator awarded damages to the plaintiff and ordered each party to pay one-half of the arbitration fees. No mention was made of any date by which payment was to be made. Shortly thereafter, the plaintiff paid his share of the fees.

The defendant filed a timely demand for a trial *de novo* as required by C.R.C.P. 109.1(r) and § 13–22–405, C.R.S. (1987 Repl.Vol. 6A). The plaintiff moved to dismiss because the defendant's portion of the arbitrator's fee had not been paid. The defendant then paid his share of the fee approximately 85 days after the arbitrator's award was entered.

Thereafter, the trial court granted the plaintiff's motion to dismiss, ruling that failure to pay the arbitrator's fee "at least within sixty days after filing of the award, and possibly within thirty days of said filing ... defeats a party's right to demand a trial *de novo*." The court then ordered judgment entered in favor of the plaintiff on the arbitrator's award. This appeal followed.

The governing rules of civil procedure are as follows. C.R.C.P. 109.1(*o* ), in pertinent part, provides:

"(1) Compensation of arbitrators and all other fees and expenses of the arbitration shall be paid by the parties.

. . . .

"(3) Payment of arbitrators' fees shall be a condition to entitlement to proceed under trial de novo. A party who has failed to pay that party's share of the arbitrators' fees shall not be entitled to a trial de novo."

C.R.C.P. 109.1(r) provides:

"(1) A party dissatisfied with the arbitration award may elect to have a trial de novo, both as to law and facts. The demand for a trial de novo shall be filed with the court within thirty days after the filing of the arbitrators' award.

"(2) Good faith compliance with the arbitration provisions of this C.R.C.P. 109.1

is required.... Upon failure to comply with the other provisions of this Rule 109.1, the court may impose appropriate sanctions."

■ By ruling that failure to pay the fee "defeats a party's right to demand a trial *de novo*" the trial court effectively treated the payment requirement of the rule as jurisdictional. We do not agree with this interpretation.

C.R.C.P. 109.1(r) specifies that the demand for a trial *de novo* must be filed "within thirty days after the filing of the arbitrator's award." There is no question but that that time limit was met here. On the other hand, C.R.C.P. 109.1(o)(3), relating to the payment of arbitrator's fees, contains no time period within which those fees are to be paid. Additionally, while the rule requires payment of fees "as a condition *to proceed* under trial *de novo*," there is no requirement in C.R.C.P. 109.1 that payment of the arbitrator's fees must be made within the time period for *demanding* a trial *de novo*. To read such a requirement into C.R.C.P. 109.1(o)(3) and 109.1(r) would be to rewrite these rules in a restrictive fashion.

■ Rules of statutory construction also apply to the interpretation of rules of procedure. *International Satellite Communications, Inc. v. Kelly Services, Inc.*, 749 P.2d 468 (Colo.App.1987). Therefore, the cardinal rule that requires a court to ascertain legislative intent, *see Ingram v. Cooper*, 698 P.2d 1314 (Colo.1985), applies also to the interpretation of civil rules. And, when the language employed is plain and the meaning clear, it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984).

Examining the language of the rules at issue, we note that, unlike the requirement for filing a demand for trial *de novo*, no specific language requires payment of the arbitrator's fees within any specific time period. Had it been intended that there be a similar time restraint for payment of costs, the drafters of the rule could have so stated.

■ Unless it is necessary to enforce procedural rules to protect substantive rights, litigation should be determined on the merits, rather than on technical application of procedural rules. *See Nagy v. District Court*, 762 P.2d 158 (Colo.1988); *Group 1 Services, Ltd. v. Michilleti*, 650 P.2d 1305 (Colo.App.1982). Therefore, in the absence of a specific time requirement, we decline to adopt a blanket rule, the effect of which would be to eliminate the substantive right to a trial *de novo*.

■ By our ruling, we do not leave the trial court without options by which it may enforce the rules. The trial court may establish a date certain prior to which the arbitration fee must be paid. Furthermore, if the court concludes that the rule has not been complied with, it may impose an appropriate sanction, *see* C.R.C.P. 109.1(r)(2), such as an award of attorney fees to the plaintiff. Moreover, if the delay in payment of the fees is sufficiently lengthy to result in prejudice, such delay ·could be considered unreasonable and in such instance could lead to the loss of the right to a trial *de novo*.

■ However, here, the fees were paid before the court ruled on the motion and well before any trial was set; thus, it is difficult to perceive any prejudice to the plaintiff or the court. The only prejudice apparent, ·that to the arbitrator in delaying his receipt of the fee, is not sufficient to lead to a contrary conclusion. (We note that, effective September 1, 1990, C.R.C.P. 109.1(o)(5), a new subparagraph, provides a remedy to an arbitrator whose fees have not been paid.)

In our view, the choice of the sanction for noncompliance with the rules here involved should be tailored to the objective of promoting substantial justice. The considerations involved are similar to those encountered in resolving a C.R.C.P. 60(b) motion to set aside a default. *See Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986). *See also Carl's Construction, Inc. v. Gigliotti*, 40 Colo.App. 535, 577 P.2d 1107 (1978) (payment of docket fee not required as prerequisite to notice before entry of default judgment).

Accordingly, we hold that defendant's delay in paying the arbitrator's fee did not act as a jurisdictional bar to his seeking a trial *de novo*, and since no prejudice was shown to have accrued from that delay, denial of the trial *de novo* was not warranted.

The judgment is reversed, and the cause is remanded for further proceedings.

NEY and ROTHENBERG, JJ., concur.