**In re the MARRIAGE OF Michael J. ROBERTS, Appellee,**

**and**

**Lori J. Roberts, n/k/a Lori Jean Lipson, Appellant.**

No. 07CA0903.

Colorado Court of Appeals, Div. II.

Aug. 7, 2008.

Robert E. Lanham, PC, Robert E. Lanham, Boulder, Colorado, for Appellee.

Howard Bittman, Boulder, Colorado, for Appellant.

Opinion by Judge ROTHENBERG.

Lori Jean Lipson (wife), formerly known as Lori J. Roberts, appeals from the order dismissing, for lack of jurisdiction, her motion to set aside the separation agreement reached with Michael J. Roberts (husband). Because we conclude the trial court has jurisdiction to rule on wife's motion, we reverse and remand for further proceedings.

## I. Background

The parties married in June 2001. Husband filed a petition for legal separation in November 2004, and in March 2005, the court entered a decree of legal separation, which incorporated the parties' separation agreement. Six months later, at the parties' request, the court converted it into a decree of dissolution.

Pursuant to the separation agreement, husband retained his separate property, which included, as relevant here, the entire interest in a limited liability company that owned a 5.41 % interest in certain stock. It was agreed that any increase during the marriage in the value of the assets held by the limited liability company would be husband's separate property. In the schedules attached to the separation agreement, husband estimated the value of his interest in the limited liability company at $663,000. He represented that the "[s]tock was separate property that may have appreciated in value during marriage"; that it had not been determined whether it was separate property, marital property, or both; and that such a determination "[w]ould depend on whether separate, marital, or a combination of both, funds were used to pay [the] margin account"

used to purchase the stock interest. In his financial affidavit, husband listed the value of the stock as zero, but added that it was an item that "may not be accurate due to unknown values." He also disclosed that he was the discretionary beneficiary of a trust that did not constitute property in the dissolution action.

The agreement provided that to effect "an equitable, but not necessarily equal, division" of the marital property, husband would pay wife approximately $300,000 in cash, and stated:

> [T]his Agreement is based upon a comprehensive disclosure of the assets, liabilities and income of each of us; Each of us has been provided with a complete [financial] Affidavit ... of the other, and this Agreement is based on the information contained in those Affidavits and other documents provided; Each of us represents that he or she has, to the best of his or her ability, made a complete disclosure to the other of his or her assets, liabilities and income; We recognize and agree that the precise values of some of our separate and marital assets and liabilities are not fully susceptible of precise determination [and] ... [t]herefore, values of our assets has, in some cases, ... been estimated for purposes of this Agreement; and We acknowledge that, even though the values of our separate and marital property are thus necessarily only an estimate, we have made an informed and rational decision regarding the financial matters set forth in this Agreement.

In January 2007, wife filed a motion to set aside the separation agreement, pursuant to C.R.C.P. 16.2(e)(10). She asserted that husband had failed to make a full disclosure of his assets in violation of former C.R.C.P. 26.2(a)(1)(A), (e), and (g)(1), which was repealed and replaced by C.R.C.P. 16.2 on Sept. 30, 2004, effective Jan. 1, 2005.

C.R.C.P. 16.2(e)(10) provides, in relevant part:

> If [a party's] disclosure [of assets] contains misstatements or omissions, the court shall retain jurisdiction after the entry of a final decree or judgment for a period of 5 years

to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets and liabilities. The provisions of C.R.C.P. 60 shall not bar a motion by either party to allocate such assets or liabilities pursuant to this paragraph. This paragraph shall not limit other remedies that may be available to a party by law.

Wife alleged that she had learned from documents filed with the Securities and Exchange Commission, which were attached to her motion, that before husband had filed for a legal separation, his interest in the limited liability company and trust (for which he was the sole trustee and beneficiary) was converted, for no additional consideration, into approximately 2.7 million shares of stock in a publicly traded company. According to wife, husband's stock had a minimum value of $20 million, and he was aware of this information. She asserted that he either failed to disclose it to her or misrepresented the value of that asset. She denied she knew before she signed the agreement that the value of the stock had increased by more than $20 million during the marriage, and claimed she had relied on husband's financial affidavit representing that the stock had no marital value.

Husband contended he had fully complied with the disclosure requirements of former C.R.C.P. 26.2. He asserted in his response that his interest did not convert into stock until *after* the dissolution decree was entered; that because the case was filed before January 1, 2005, the district court lacked jurisdiction over wife's C.R.C.P. 16.2 motion; and that her motion was time barred under C.R.C.P. 60(b). The trial court agreed with husband and concluded it lacked jurisdiction to reopen the parties' property division. The court reasoned: "These parties filed [the action] before the new rule 16.2 was in place and were not subject to the heightened disclosure requirements. Therefore, the parties cannot avail themselves of the reach back provision contained in 16.2(e)(10)."

## II. Contention

Wife contends the trial court erred in concluding that C.R.C.P. 16.2(e)(10) did not apply, and therefore, that it lacked jurisdiction to consider her post-decree motion. We agree.

### A. Standard of Review

Rules of statutory construction apply to the interpretation of rules of procedure. *Watson v. Fenney*, 800 P.2d 1373, 1375 (Colo.App.1990); *Int'l Satellite Commc'ns, Inc. v. Kelly Servs., Inc.*, 749 P.2d 468, 469 (Colo.App.1987). Statutory or rule interpretation is a question of law subject to de novo review. *Bryant v. Cmty. Choice Credit Union*, 160 P.3d 266, 274 (Colo.App. 2007).

Our primary task in construing a statute or rule is to ascertain and to give effect to the intent of adopting body and, to discern that intent, a court should look first to the language of the statute. *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986); *see Watson*, 800 P.2d at 1375. Our starting point is the plain meaning of the language used, and we construe the language in a manner that gives effect to every word and considers the language in the context of the statute or rule as a whole. *Romanoff v. State Comm'n on Judicial Performance*, 126 P.3d 182, 188 (Colo.2006).

### B. Plain Meaning of C.R.C.P. 16.2(e)(10)

C.R.C.P. 16.2 was adopted by the Colorado Supreme Court in 1995, but was repealed and replaced on September 30, 2004. The court expressly stated that the rule would become "effective for Domestic Relations Cases as defined in 16.2(a) filed on or after January 1, 2005, *and for post-decree motions filed on or after January 1, 2005*" (emphasis added).

There is no language limiting post-decree motions to those filed under sections 14–10–122, 14–10–129, or 14–10–131, C.R.S.2007 (granting the trial court continuing jurisdiction to modify support orders or orders that allocate decision-making responsibilities, including parenting time). Indeed, C.R.C. P. 16.2(e)(10) states that the "provisions of C.R.C.P. 60 shall not bar a motion by either party to allocate such assets or liabilities pursuant to this paragraph." *See New Rule*

*16.2: A Brave New World,* 34 Colo. Law. 101, 104 (Jan. 2005).

■ The trial court here accepted husband's argument that C.R.C.P. 16.2(e)(10) did not apply to wife's motion because the parties' case was filed before the effective date of the rule. However, when interpreting a statute or rule, we are required to give effect to all its parts and avoid interpretations that render provisions superfluous. *Wolford v. Pinnacol Assurance,* 107 P.3d 947, 951 (Colo. 2005); *Jefferson County Bd. of County Comm'rs v. S.T. Spano Greenhouses, Inc.,* 155 P.3d 422, 424–25 (Colo.App.2006).

■ We are also bound by the pronouncements of the Colorado Supreme Court, *cf. People v. Allen,* 111 P.3d 518, 520 (Colo.App. 2004), and husband's interpretation of C.R.C.P. 16.2 would render superfluous the supreme court's directive that the rule became effective "for post-decree motions filed on or after January 1, 2005."

■ We therefore conclude that C.R.C.P. 16.2, as repealed and reenacted in September 2004, applies to post-decree motions filed on or after January 1, 2005, that seek to reopen a property division or to set aside a separation agreement based on alleged misstatements, omissions, or nondisclosure of assets or liabilities that materially affect the division of property. This is so even if the parties' action for a decree of legal separation or dissolution of marriage was filed before that date.

## C. Is Rule 16.2 Retrospective?

Husband also contends the application of C.R.C.P. 16.2 to wife's post-decree motion constitutes retrospective legislation and is therefore unconstitutional. We disagree.

■ Retrospective legislation is prohibited by Colo. Const. art. II, § 11. A statute is retrospective if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *In re Estate of DeWitt,* 54 P.3d 849, 854 (Colo.2002)(quoting *Denver, S. Park & Pac. Ry. Co. v. Woodward,* 4 Colo. 162, 167

(1878)); *see City of Colorado Springs v. Powell,* 156 P.3d 461, 464–65 (Colo.2007).

Here, husband does not assert that the disclosure standards by which the parties were bound at the time of the separation agreement are being retroactively expanded. He merely complains that C.R.C.P. 16.2(e)(10) gives wife a greater remedy by permitting the trial court to rule on her motion *for up to five years* after the entry of a final decree or judgment. *See Gavrilis v. Gavrilis,* 116 P.3d 1272, 1275 (Colo.App. 2005); *In re Marriage of Gance,* 36 P.3d 114, 116–18 (Colo.App.2001).

We recognize that husband has been affected by this rule change, because under C.R.C.P. 60(b)(2), wife's motion to set aside the judgment based on alleged fraud, misrepresentation, or other misconduct was filed over six months after the judgment and would be time-barred under that rule. *But see In re Marriage of Seely,* 689 P.2d 1154, 1159–60 (Colo.App.1984) (concluding separation agreement "was wholly inconsistent with the obligation of marital partners to deal fairly with each other" and justified relief under C.R.C.P. 60(b)(5), even though wife's motion for relief was filed more than six months after the agreement was executed).

■ Nevertheless, there is no vested right in remedies, and a rule change is not unconstitutionally retrospective simply because it expands the remedy afforded to a party or makes a change that is only procedural. *People v. D.K.B.,* 843 P.2d 1326, 1332 (Colo.1993); *Abromeit v. Denver Career Serv. Bd.,* 140 P.3d 44, 51 (Colo.App.2005).

■ In summary, the Colorado Supreme Court has clearly expressed its intent that the rule apply retroactively for a five-year period by making the repealed and reenacted rule applicable to cases filed on or after January 1, 2005, and to post-decree motions filed on or after that date. The rule change did not take from husband any of his vested rights. It simply gave wife (and others) a greater remedy by expanding the time to challenge a property settlement. The fact that the new rule gives the trial court continuing jurisdiction and provides wife an alternative remedy to that previously afforded

under the rules, does not remove husband's affirmative defenses or create a substantive right for wife. *See Cont'l Title Co. v. Dist. Court,* 645 P.2d 1310 (Colo.1982).

We therefore conclude that C.R.C.P. 16.2(e)(10) applies to this case, and that the trial court erred in dismissing wife's motion to set aside the separation agreement for lack of jurisdiction.

The order dismissing wife's motion to set aside the separation agreement is reversed, and the case is remanded to the trial court for further proceedings on wife's motion.

Judge CARPARELLI and Judge BERNARD concur.