The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 18, 2021

## 2021COA20

### No. 19CA1916, *Fogel v Emmett* — Civil Procedure — Subpoena — Tender of Payment for Mileage

A division of the court of appeals considers for the first time whether a subpoena is validly served under the 2012 amendments to Rule 45 of the Colorado Rules of Civil Procedure if the serving party does not tender the required mileage fee to the witness prior to the appearance date. A majority of the division holds that a subpoena is not validly served if the serving party does not tender the required mileage fee to the witness prior to the appearance date. Because the record does not indicate whether the appellant was tendered the mileage fee after the process service left the subpoena in the doorway of appellant's home, the division reverses the trial court's order finding appellant in contempt for not responding to

the subpoena and remands the case to the trial court for additional factual findings.

The dissent would not reach the issue addressed in the majority opinion and, in addition, would hold that the serving party's failure to tender the required mileage fee to the witness prior to the appearance date does not affect the validity of service of the subpoena.

COLORADO COURT OF APPEALS                                    **2021COA20**

Court of Appeals No. 19CA1916
City and County of Denver District Court No. 18CV242
Honorable Martin F. Egelhoff, Judge

Marshall Fogel,

Appellant,

and

Jennifer Lee Emmett,

Plaintiff-Appellee,

v.

Andrea Iris Rabin Bankoff, Anthony Molitor, and Northpoint Asset Management
LLC,

Defendants-Appellees.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE LIPINSKY
Richman, J., concurs
Pawar, J., dissents

Announced February 18, 2021

Ridley, McGreevy & Winocur, PC, Patrick L. Ridley, Denver, Colorado, for
Appellant

No Appearance for Plaintiff-Appellee

No Appearance for Defendants-Appellees

¶ 1 The amendments to the Colorado Rules of Civil Procedure that took effect on January 1, 2013 (2012 amendments), included changes to the language of C.R.C.P. 45 requiring that a witness being served with a subpoena also be tendered a mileage fee. Rule Change 2012(16), Colorado Rules of Civil Procedure (Repealed and Readopted by the Court En Banc, Oct. 18, 2012), https://perma.cc/7FHS-E5TB. This case presents a question not previously answered in a Colorado appellate decision: Under the 2012 amendments to C.R.C.P. 45, is a subpoena validly served if the witness was never tendered the required mileage fee? We answer the question in the negative.

¶ 2 Marshall Fogel appeals the trial court's ruling finding him in contempt of court for failing to comply with a subpoena even though he did not receive the required mileage fee. In light of our reading of C.R.C.P. 45, we reverse and remand the case to the trial court for a finding as to whether Fogel received the required mileage fee "within a reasonable time after service of the subpoena, but in any event prior to the appearance date," as the current version of C.R.C.P. 45(b)(3) requires.

## I.    Background

¶ 3    Counsel for the plaintiff issued a subpoena requiring Fogel, an attorney, to appear in court to testify at a trial.  According to the trial court, Fogel's testimony was "consequential" to a disputed issue at the trial.

¶ 4    A process server claimed to have served a subpoena on Fogel at Fogel's home.  But Fogel failed to appear in court on the date and at the time specified in the subpoena.  When Fogel failed to appear, the trial court issued a contempt citation and scheduled a hearing on whether Fogel should be found in contempt of court.

¶ 5    The trial court announced that it would conduct the hearing "consistent with the procedures for criminal proceedings and so the burden of proof is beyond a reasonable doubt and there's presumption of innocence and privilege against self-incrimination." Thus, the plaintiff was required to prove beyond a reasonable doubt that Fogel was in contempt of court.  *See People ex rel. State Eng'r v. Sease*, 2018 CO 91, ¶ 23, 429 P.3d 1205, 1210 (explaining that findings of fact supporting punitive sanctions for contempt must be established beyond a reasonable doubt); C.R.C.P. 107(d)(1).

¶ 6    Fogel was represented by counsel at the hearing and elected not to testify. The process server — the only witness at the hearing — said that he brought the subpoena to Fogel's home. He testified that

- he knocked on the door and Fogel answered;

- he told Fogel that he had "documents" for "Mr. Fogel";

- Fogel replied that he was "not Marshall Fogel" but, rather, "Bob Stevens," and that Fogel was in Orange County, California;

- Fogel shut the door without taking the subpoena;

- the process served placed the subpoena in the front door; and

- when he returned to the front door about twenty minutes later, he saw that the subpoena was no longer there.

¶ 7    At the hearing, Fogel's counsel presented several arguments in support of his contention that the subpoena had not been properly served on Fogel. This appeal concerns Fogel's argument that the subpoena was not properly served on him because, under C.R.C.P. 45, a party who is being served with a subpoena must also be

tendered a check for the required mileage fee, and there was no evidence that the process server tendered the mileage fee to Fogel.

¶ 8    The trial court found beyond a reasonable doubt that "the[] documents were, in fact, provided to Mr. Fogel which clearly advised him of his obligation to appear and testify, [but] there was no evidence that there was a mileage check that was included in those documents . . . ." The trial court concluded that "the[] documents were appropriately delivered to Mr. Fogel pursuant to both Rule 45 and Rule 4," but that the mileage fee requirement does not apply "in the context of a contempt proceeding where the purpose is to compel the attendance of the witness to provide testimony in a legal proceeding." For these reasons, the court found Fogel in contempt.

¶ 9    In sentencing Fogel, the trial court said that the "ability to compel witnesses to come to court that don't want to" was part of "the foundation of the justice system." The court explained that, if there is no "real consequence" to a witness's failure to abide by a subpoena, "the foundation of our justice system crumbles." The trial court sentenced Fogel to thirty days in the Denver County jail, which the court later reduced to fifteen days after Fogel fell ill.

(While the dissent accurately discusses the record evidence regarding Fogel's experience as an attorney, his professional reputation, and his lack of contrition at the sentencing hearing, those issues are not relevant to whether he was, or was not, validly served with the subpoena. All witnesses, whether prominent attorneys or not, must comply with validly served subpoenas and are not subject to punishment for failure to comply with invalidly served ones.)

¶ 10    On appeal, Fogel argues that the trial court erred by ruling that a subpoena can be deemed validly served even if the witness is not tendered the required mileage fee. Fogel's argument in the trial court (and on appeal) primarily addressed whether, under C.R.C.P. 45, a witness must be tendered the required mileage fee at the time the witness is provided with the subpoena. But Fogel also made the more general argument that a subpoena is not validly served if the witness is not provided with the mileage fee.

¶ 11    For example, at the hearing, Fogel's attorney argued that "Rule 45 has very specific requirements and this is proof beyond a reasonable doubt that the party who's being served must, and this is not discretionary, must be tendered a check for witness fees or

mileage and that's required under the rule . . . ." And, in his opening brief, Fogel asserted that "[t]he attempted service of a subpoena duces tecum on Mr. Fogel was rendered invalid by the failure to pay Mr. Fogel a mileage fee." Thus, we cannot disregard Fogel's broad assertion regarding the invalidity of service of a subpoena when the witness is not tendered the required mileage fee.

## II. The Requirement that a Subpoenaed Witness Be Tendered the Specified Mileage Fee

### A. Standard of Review

¶ 12    We review de novo the trial court's interpretation of C.R.C.P. 45(b)(3). *See DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187, 1193.

### B. The Law Governing Mileage Fees for Subpoenaed Witnesses

¶ 13    Our analysis rests on the plain meaning of C.R.C.P. 45(b)(3), which contains the mileage fee requirement. The rules of statutory construction also apply to our interpretation of the Rules of Civil Procedure. *See Watson v. Fenney*, 800 P.2d 1373, 1375 (Colo. App. 1990). Accordingly, our goal is to ascertain and apply the drafters' intent as expressed through the plain language of the rule. *Waste*

6

*Mgmt. of Colo., Inc. v. City of Commerce City*, 250 P.3d 722, 725 (Colo. App. 2010). (Although the Colorado Supreme Court promulgates the Rules of Civil Procedure, the court's Civil Rules Committee provides the court with input regarding the language of such rules. *See Williams v. Crop Prod. Servs., Inc.*, 2015 COA 64, ¶ 17, 361 P.3d 1075, 1078.) "[W]hen the language employed [in a rule] is plain and the meaning [is] clear, it must be applied as written." *Watson*, 800 P.2d at 1375.

### 1. The Pre-January 1, 2013 Version of the Mileage Fee Language in C.R.C.P. 45

¶ 14 Before January 1, 2013, the subsection of C.R.C.P. 45 addressing service of a subpoena consisted of a single multi-sentence paragraph, the first sentence of which said, "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to such person the fees for one day's attendance and the mileage allowed by law." C.R.C.P. 45(c) (2011). That language clearly provided that a subpoena was not validly served if the witness was not tendered the specified attendance and mileage fees. *See Stubblefield v. Dist. Ct.*, 198 Colo. 569, 572, 603 P.2d 559, 560 n.3 (1979) (explaining, in

7

dicta, that "Rule 45 [contains a] requirement that tender of witness fees is necessary to effect proper service" of a subpoena); *In re Marriage of Dauwe*, 148 P.3d 282, 286 (Colo. App. 2006) (holding that a subpoena may be quashed if the witness is not provided with the required mileage fee).

¶ 15    Thus, before the 2012 amendments to C.R.C.P. 45 took effect, the law was clear that a subpoena was not validly served if the witness was not tendered the specified attendance and mileage fees. Next, we turn to whether the 2012 amendments changed this fundamental tenet of civil practice.

2.    The Mileage Fee Language in the 2012 Amendments

¶ 16    The 2012 amendments broke the single paragraph of the service section of C.R.C.P. 45 into five separately numbered subsections and modified the language of the rule addressing the mileage fee requirement.  (Fogel does not contend that he was entitled to receive an attendance fee in addition to the required mileage fee.)  We must decide whether those amendments changed the black letter law that a subpoena is not validly served unless the witness is tendered a required fee.

¶ 17    The drafters of the 2012 amendments placed the mileage fee requirement in a new C.R.C.P. 45(b)(3), which provides that

> [i]f the subpoena requires a person's attendance, the payment for 1 day's mileage allowed by law must be tendered to the subpoenaed person at the time of service of the subpoena or within a reasonable time after service of the subpoena, but in any event prior to the appearance date.

¶ 18    Thus, unlike the version of C.R.C.P. 45 in effect before January 1, 2013, the current version of the rule specifies that the required mileage fee may be tendered to a witness being served with a subpoena "within a reasonable time after service of the subpoena, but in any event prior to the appearance date."  The fee need not be tendered to the witness at the same time the witness is provided with the subpoena.

¶ 19    The unambiguous language of C.R.C.P. 45(b)(3) indicates that the 2012 change to the mileage fee requirement was a modest one, intended to provide a party serving a subpoena with flexibility regarding the timing of tender of the mileage fee to the witness.

¶ 20    Significantly, the drafters of the 2012 amendments placed the subsection setting forth the mileage fee requirement under the "service" section of the rule.  C.R.C.P. 45(b) is titled "Service" and

the mileage fee language appears in C.R.C.P. 45(b)(3). While the title of a section of a rule is not dispositive of the drafters' intent, it can aid in determining the drafters' intent. *Cf. People in Interest of G.S.S.*, 2020 CO 32, ¶ 22, 462 P.3d 592, 596 (noting that a section of the Children's Code entitled "Bail" is exclusively about bail and is "wholly concerned with a juvenile's statutory right to bail").

¶ 21    Further, nothing in the 2012 amendments or in their history suggests that the drafters intended the revision to the mileage fee language in C.R.C.P. 45 to effect a material change in the law by providing that, henceforth, a subpoena could be validly served even if the witness was not tendered the required mileage fee. For example, although the minutes of the Civil Rules Committee's meetings addressing the 2012 amendments reflect significant discussions regarding a number of proposed changes to C.R.C.P. 45, the minutes contain no reference to the mileage fee language. *See, e.g.*, Colo. Supreme Ct. Comm. on Rules of Civ. Proc., *Minutes of Meeting* (Apr. 29, 2011).

¶ 22    In addition, we don't view the references to "service of the subpoena" in C.R.C.P. 45(b)(3) to mean that, after January 1, 2013, subpoenas could be validly served even if the witness was not

tendered the required mileage fee. C.R.C.P. 45(b)(3) says that the required mileage fee "must be tendered to the subpoenaed person at the time of service of the subpoena or within a reasonable time after service of the subpoena . . . ." But the fact that the physical subpoena must be "served" on a witness does not mean that there are no further requirements for valid service of the subpoena.

¶ 23    The subsections of C.R.C.P. 45 cannot be wrenched apart such that C.R.C.P. 45(b)(2), which explains how the physical subpoena must be provided to the witness, contains the only requirements for valid "service." Otherwise, a subpoena could be deemed validly served even if not served within the "Time for Service" specified in C.R.C.P. 45(b)(1). The "service" language of C.R.C.P. 45 — subsection (b) — must be read as a coherent whole that sets forth all requirements for valid service of a subpoena, whether they are contained in C.R.C.P. 45(b)(2) or in another subsection of C.R.C.P. 45(b). (The dissent suggests that the failure to tender the required mileage fee may render the subpoena itself invalid and unenforceable, even though such failure does not affect the validity of service of the subpoena. We need not reach this

11

issue, however, because, as noted in *infra* Part III, it is not properly before us.)

¶ 24  For these reasons, we conclude that the 2012 amendments did not change the prior law that a subpoena is not validly served if the witness is not tendered a required fee.  (Our analysis does not apply to subpoenas for which a mileage fee is not required.  *See* C.R.C.P. 45(b)(3) ("Payment for mileage need not be tendered when the subpoena issues on behalf of the state of Colorado or any of its officers or agencies."))  While we cannot condone a witness's refusal to comply with a validly served subpoena, we also cannot condone a witness's punishment for noncompliance with an invalidly served subpoena.

## C.  Analysis

¶ 25  As noted above, Fogel's argument includes the general contention that a subpoena is not validly served if the witness is not tendered the required mileage fee.  He cites to *Stubblefield* and *In re Marriage of Dauwe* in support of this contention.  We agree with Fogel's readings of these cases.  As explained above, the 2012 amendments did not change the rule reflected in *Stubblefield* and *In re Marriage of Dauwe* that a subpoena is not validly served if the

12

witness is not tendered a required fee. (Fogel also cites to cases interpreting the analogous federal rule. Fed. R. Civ. P. 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Under both C.R.C.P. 45(b)(3) and Fed. R. Civ. P. 45(b)(1), a subpoena is not validly served if the witness is not tendered the required mileage fee. We need not review cases applying Fed. R. Civ. P. 45, however, because the language of C.R.C.P. 45(b)(3) is clear on this point.)

¶ 26    But the record is not clear regarding a material fact — although it indicates that Fogel was not tendered the required mileage fee together with the subpoena, it does not specify whether the plaintiff tendered the required mileage fee to him "within a reasonable time after service of the subpoena." C.R.C.P. 45(b)(3). We therefore remand to the trial court for a determination of whether Fogel was paid the mileage fee after the process server left the subpoena in his front door.

¶ 27    For the reasons explained above, if Fogel was tendered the mileage fee "within a reasonable time after service of the subpoena,"

13

the subpoena was properly served on him and his conviction for contempt was valid. If, however, he was not tendered the mileage fee "within a reasonable time after service of the subpoena," he was not properly served, and the trial court erred in finding Fogel in contempt.

## III. Fogel's Additional Argument

¶ 28 In addition to arguing that the plaintiff's failure to tender the required mileage fee resulted in invalid service, Fogel contends in his opening brief that the failure to tender the mileage fee also invalidated the subpoena itself. But Fogel did not raise this argument in the trial court and cites to no authority supporting this argument in his brief. Because Fogel did not cite to any authority to support this contention or support it with substantial argument, we decline to address it. *See Taylor v. Taylor*, 2016 COA 100, ¶ 13, 381 P.3d 428, 431 (declining to address the defendant's argument because it was raised for the first time on appeal and "[b]ecause defendant's contention [was] . . . unsupported by any substantial argument . . ."); *People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to review issues that were presented in a "perfunctory or conclusory manner").

14

## IV. Conclusion

The order is reversed and the case is remanded to the trial court for a finding of whether the plaintiff tendered the required mileage fee to Fogel "within a reasonable time after service of the subpoena." If so, the court may reinstate Fogel's conviction for contempt. Fogel's conviction must be set aside, however, if the required mileage fee was not tendered to Fogel "within a reasonable time after service of the subpoena."

JUDGE RICHMAN concurs.

JUDGE PAWAR dissents.

JUDGE PAWAR, dissenting.

¶ 30    The majority concludes that under Colorado Civil Procedure Rule 45(b)(3), tendering a required mileage fee is a necessary component of valid service.  I dissent from this conclusion for two reasons.

¶ 31    First, I believe the majority reaches this conclusion only by addressing an issue that is not properly before us.  The only issue litigated below and raised on appeal is whether, based on Rule 45(b)(3), failing to tender the required mileage fee *simultaneously with the subpoena* invalidated service.  The majority addresses a different issue that was raised neither below nor on appeal: whether failing to tender the mileage fee *at any time before Fogel's appearance date* invalidated service.  Only the latter, unraised issue requires us to decide whether the mileage fee is a required component of valid service.

¶ 32    Second, while I deem it unnecessary to resolve the appeal, I disagree with the majority's conclusion that tendering the mileage fee is required for valid service.  Rule 45(b)(3) explicitly contemplates tendering a required mileage fee "after service of the subpoena."  Based on this plain language, I conclude that valid

16

service and tendering the mileage fee are separate — although a mileage fee may be required, tendering it is not a necessary component of valid service.

¶ 33    Based on my interpretation of Rule 45, I conclude that Fogel was validly served. I would therefore affirm his contempt conviction.

## I.    Background

¶ 34    Marshall Fogel had been a practicing attorney for over fifty-five years, including several years as a deputy district attorney. At the contempt hearing, he was represented by counsel and elected not to testify, as was his constitutional right. The process server was the only witness and testified to the events described in the majority opinion.

¶ 35    Fogel argued, through counsel, that he was never properly served with the subpoena for two reasons: (1) the process server never told Fogel that the "documents" were a subpoena and never saw Fogel physically accept the subpoena; and (2) the subpoena was not accompanied by the mileage payment required by Rule 45(b)(3).

¶ 36    The trial court ruled that Fogel received the subpoena and that the absence of the mileage payment at the time the subpoena was delivered did not render the service invalid. Addressing its factual findings directly to Fogel, the court found that "a process server appears at your house" and "you give him a fake name and you close the door." The trial court rejected Fogel's argument that he either did not receive or did not know the contents of the subpoena, finding that it was "contrary to the evidence that I've heard today" and "contrary to your lifetime as a lawyer." The court therefore ordered Fogel in contempt.

¶ 37    At the sentencing phase of the hearing, Fogel elected to make a statement on his own behalf. He did not express remorse or accept responsibility for his actions. Instead, he recounted, at length, his professional accomplishments, reputation, and contributions to the bar. Rather than ask for a less severe penalty, he urged the trial court to reconsider its finding of contempt.

¶ 38    The trial court declined to do so. Instead, the court found that his "legal acumen" was "an aggravating circumstance." As the trial court put it directly to Fogel, "[a] lawyer of your stature knows better." The court explained to Fogel that if there isn't "real

18

consequence" for a witness's failure to comply with a subpoena, "the foundation of our justice system crumbles." The trial court therefore imposed a thirty-day jail sentence, which it subsequently reduced to fifteen days after Fogel fell ill between the hearing and the beginning of his sentence.

## II. The Issue the Majority Resolves is Not Properly Before Us

¶ 39 Rule 45(b)(3) provides that if a subpoena requires a person's attendance, the mileage fee "must be tendered to the subpoenaed person at the time of service of the subpoena *or within a reasonable time after service of the subpoena, but in any event prior to the appearance date*." (Emphasis added.)

¶ 40 The question the majority answers is whether, under this rule, Fogel was validly served if the mileage fee was *never* tendered. But this issue was not litigated below. Instead, the only issue presented to and resolved by the trial court was whether the failure to tender the mileage fee *simultaneously* with the subpoena invalidated service.

¶ 41 This was Fogel's argument before the trial court, in his counsel's words:

19

The second part of the argument is, specifically, Rule 45 has very specific requirements and this is proof beyond a reasonable doubt that the party who's being served must, and this is not discretionary, must be tendered a check for witness fees or mileage and that's required under the rule that says must. It doesn't say can or should be. Must. There's not evidence that Mr. Fogel was tendered *in this* [sic] *documents that were put in the door* any witness or mileage fees. The reason this is important is because the case law specifically states that there is no mileage or witness fee *attached to this*, then that's not perfected service where someone can then be held in contempt of Court.

(Emphasis added.)

¶ 42      It was clear that Fogel's argument in the trial court was that the failure to tender the mileage fee *at the time he received the subpoena* rendered service invalid. Indeed, that is the only argument the trial court addressed:

So the only remaining issue, really, in my mind is whether somehow by failing to include a mileage [fee], he somehow renders a notice of the (indiscernible) to attend a court proceeding ineffective and I'm not a real -- I thought (indiscernible) authority (indiscernible) authority. I did some brief research as to whether or not having failed to provide a mileage fee that somehow that invalidates otherwise personal service here. And, here again, I'm talking about in the context of a contempt proceeding where the purpose is to

20

compel the attendance of the witness to provide testimony in a legal proceeding.  I find that it does not.[1]

¶ 43    On appeal, Fogel's argument is likewise limited to the failure to tender the mileage fee at the time he received the subpoena.  Fogel's statement of preservation in his opening brief reads as follows: "Mr. Fogel asserted that the subpoena duces tecum that was left in his front door was not accompanied by a check or other payment for mileage.  The Court found that there was no evidence of payment for mileage, but found that the subpoena was valid."  At every turn, Fogel's opening brief addresses only the failure to tender the mileage fee at the same time as the subpoena:

- "The Court, in addressing *the process server's* failure to pay the mileage fee, stated . . . ." (Emphasis added.)

- "Plaintiff's counsel, *through its process server*, failed to tender payment for mileage."  (Emphasis added.)

---

[1] The trial court did not, as the majority writes, conclude that the mileage fee requirement did not apply because this was a contempt proceeding against a witness.  Instead, the court addressed the narrower question of "whether or not having failed to provide a mileage fee . . . somehow . . . invalidates otherwise personal service."  The court found "that it does not."

21

- Quoting Rule 45(b)(3), "'[i]f the subpoena requires a person's attendance, the payment for 1 day's mileage allowed by law *must* be tendered to the person at the time of service of the subpoena . . . .' (Emphasis added.) This is a requirement of valid service." Note here that Fogel omitted the portion of Rule 45(b)(3) allowing for the mileage fee to be tendered "within a reasonable time after service." C.R.C.P. 45(b)(3). That portion of the rule was irrelevant to his argument because his argument was limited to the failure to tender the mileage fee at the same time as the subpoena.

¶ 44    Mistakenly equating the Colorado and federal rules, Fogel goes on to argue that "[f]ederal courts have witness and mileage fees that must be tendered *concurrently with a subpoena.* These rules require *simultaneous* tendering of witness fees and reasonably estimated mileage allowed by law with the service of a subpoena." (Emphasis added.) Indeed, the only authority Fogel cites on appeal stands for the proposition that a mileage fee must be tendered simultaneously with the subpoena.

22

¶ 45    Despite all this, the majority concludes that the question of whether failure to pay the mileage fee *at all* invalidates service is properly before us based on Fogel's statement in his opening brief that "[f]ailure to pay the required mileage fee renders the subpoena invalid." If anything, this statement argues that failure to pay the mileage fee invalidates the subpoena itself, not service (an argument the majority and I agree is not before us).

¶ 46    Based on the proceedings below and Fogel's argument on appeal, I conclude that the only issue before us is whether service was invalid because the mileage fee was not tendered simultaneously with the subpoena. This narrow, properly raised issue is easily resolved based on the plain language of the rule. Rule 45(b)(3) does not require that the mileage fee be tendered at the same time as the subpoena. C.R.C.P. 45(b)(3) (mileage fee may be tendered "within a reasonable time after service of the subpoena"). Because this is true regardless of whether the mileage fee is required for valid service, I would resolve this appeal without addressing whether the mileage fee is a component of service. The majority presumably agrees with this interpretation of Rule 45, as far as it goes. Thus, if the majority agreed that the only issue

before us was Fogel's argument that service was invalid because the mileage fee was not tendered simultaneously with the subpoena, we would unanimously affirm his contempt conviction.

¶ 47    But the majority improperly expands Fogel's argument. In the majority's view, Fogel argues that service was invalid because he never received the mileage fee. Resolving this argument requires the majority to address whether tendering the mileage fee is a required component of valid service. The majority determines that it is. But because this issue was not raised below, there was no reason for the trial court to make, and indeed the court did not make, factual findings about whether Fogel ever received the mileage fee at any time before the appearance date. The majority therefore must remand the case to the trial court to make factual findings on this new issue.

¶ 48    In short, by improperly expanding Fogel's argument, the majority turns what would have been a unanimous unpublished opinion into a published one in which the publishable issue (1) was not raised below, (2) was not raised on appeal, and (3) requires a

24

remand for further factual findings precisely because it was not raised below.[2]

¶ 49    I would resolve this appeal by addressing only the narrow question of whether service was invalid because the mileage fee was not tendered at the same time as the subpoena. On that issue, I would affirm. But because the majority expands Fogel's argument and concludes that tendering the mileage fee is a required component of valid service, I explain why I disagree with that conclusion.

### III.    Tendering the Mileage Fee is Not a Component of Valid Service

¶ 50    The majority concludes that validly serving a subpoena requires the serving party to tender the mileage fee. To reach this conclusion, the majority relies on a previous version of the rule and cases interpreting it, as well as minutes from a Civil Rules Committee meeting. These tools of statutory interpretation would

---

[2] Although not relevant to the party presentation analysis above, I note that the majority's conclusion is especially problematic given the unique circumstances of this case. In the trial court, the prosecuting party was not the People of Colorado, but rather one of the private parties in the civil case out of which this contempt proceeding arose. That private prosecuting party did not file a brief or even enter an appearance in this appeal. As a result, it is unclear who, if anyone, will prosecute this case on remand.

be appropriate if the plain language of the Rule were ambiguous. But Rule 45 is not ambiguous. Its plain language contemplates tendering the mileage fee after service is accomplished. I would therefore apply the Rule as written and hold that while required by Rule 45, tendering the mileage fee is not a requirement of valid service.

¶ 51 Rules of statutory construction apply to our interpretation of the civil rules. *See Watson v. Fenney*, 800 P.2d 1373, 1375 (Colo. App. 1990). Accordingly, our goal is to ascertain and apply the drafter's intent. *Id.* "[W]hen the language employed [in a rule] is plain and the meaning [is] clear, it must be applied as written." *Id.* Only when the language of the rule is ambiguous do we resort to additional interpretive tools. *See People v. Mosley*, 397 P.3d 1122, 1126 (Colo. App. 2011), *aff'd*, 2017 CO 20.

### A.    Rule 45 is Unambiguous

¶ 52 As discussed above, Rule 45(b)(3) provides that a required mileage fee must be tendered "at the time of service" or "within a reasonable time after service" as long as it is "prior to the appearance date." The rule explicitly contemplates tendering the mileage fee "after service of the subpoena." C.R.C.P. 45(b)(3). This

26

establishes that valid service can be accomplished without tendering the mileage fee.  The mileage fee is required, but it is not a required component of valid service.  Nothing about the plain language of this rule is ambiguous.  I would therefore conclude that, based on the unambiguous plain language of the rule, tendering the mileage fee is not required for valid service.

¶ 53     The majority's reliance on *Stubblefield v. District Court*, 198 Colo. 569, 603 P.2d 559 (1979), and *In re Marriage of Dauwe*, 148 P.3d 282 (Colo. App. 2006), to come to a contrary conclusion is misplaced.  Those cases interpreted an old version of Rule 45 that is substantively different than the current one at issue here.  Before it was amended in 2012, Rule 45 provided that "[s]ervice of a subpoena upon a person named therein *shall* be made by delivering a copy thereof to such person *and* by tendering to such person the fees for one day's attendance and the mileage allowed by law." C.R.C.P. 45(c) (2011) (emphasis added).  The old rule provided that service "shall" be made by (1) delivering a copy of the subpoena to the person "and" (2) tendering attendance and mileage fees.  *Id.* The plain language of the old rule clearly established that payment of attendance and mileage fees was a requirement of valid service.

27

But the current rule does not.  As discussed above, the current rule applicable in this case explicitly contemplates tendering mileage fees "after service."  C.R.C.P. 45(b)(3).

¶ 54    I therefore conclude that based on the plain language of Rule 45(b)(3), tendering a required mileage fee is not a necessary component of valid service.

### B.    Beyond the Plain Language

¶ 55    Although I find it unnecessary and improper to consider interpretive tools beyond the plain language of the rule, I nevertheless observe that the tools used by the majority do not support its conclusion.  The majority relies on two interpretive tools: the prior version of the rule and the history of the rule's most recent amendment, in the form of the Civil Rules Committee meeting minutes.  Neither of these sources supports the majority's conclusion that tendering the mileage fee is a required component of valid service.  In fact, they support the contrary conclusion.

¶ 56    As discussed above, Rule 45 used to provide that "[s]ervice of a subpoena" "shall" be made by delivering a copy of the subpoena "and" by tendering the mileage fee.  C.R.C.P. 45(c) (2011).  The old

28

rule explicitly made tendering the mileage fee a required component of valid service.

¶ 57    The drafters removed this explicit language when they amended the rule.  And they replaced it with language that makes clear that service can be accomplished before the mileage fee is tendered.  C.R.C.P. 45(b)(3) (The mileage fee "must be tendered to the subpoenaed person at the time of service of the subpoena *or within a reasonable time after service of the subpoena, but in any event prior to the appearance date.*") (emphasis added).

¶ 58    The majority's assignment of meaning to this amendment is perplexing.  The majority recognizes that the old rule "clearly" made the mileage fee a component of valid service.  *Supra* ¶ [ ].  The majority also recognizes that the drafters removed this part of the rule.  Yet the majority concludes that the mileage fee is nevertheless a component of valid service.  According to the majority, the drafters' removal of language from the rule demonstrates their intent that the deleted language nevertheless remain in force.

¶ 59    The majority finds additional support for its conclusion in meeting minutes of the Civil Rules Committee.  The majority writes that these meeting minutes contain no suggestion that the drafters

intended that, under the current rule, valid service could occur without tendering the mileage fee. The history may contain no evidence of this intent. But the change to the plain language of the rule does. Again, the old rule clearly and explicitly required tendering the mileage fee for valid service. The drafters removed that requirement and added language that contemplates tendering the mileage fee "after service of the subpoena." C.R.C.P. 45(b)(3).

¶ 60 Additionally, I note that the majority's interpretation reads unnecessary conflict into Rule 45. According to the majority, tendering the mileage fee is still a prerequisite for valid service. But the mileage fee can be tendered at any time "prior to the appearance date." C.R.C.P. 45(b)(3). This means that if the mileage fee is tendered after the subpoena is physically delivered, valid service is not accomplished until the mileage fee is tendered. Because service is not valid until the mileage fee is tendered, and the mileage fee may be tendered at any time "prior to the appearance date," service can be accomplished at any time "prior to the appearance date." *Id.*

¶ 61 This conflicts with Rule 45(b)(1)(A) and (B). Rule 45(b)(1)(A) requires subpoenas for trial or hearing testimony to be served no later than forty-eight hours ahead of the trial or hearing. And Rule

45(b)(1)(B) requires subpoenas for deposition testimony to be served no later than seven days ahead of the deposition. Why would one section of Rule 45 condone service at any time "prior to the appearance date" (Rule 45(b)(3)) while another section require it to be accomplished forty-eight hours or seven days in advance (Rule 45(b)(1))?

¶ 62    The majority answers this question with an unpersuasive suggestion. According to the majority, "service of the subpoena" in Rule 45(b)(3) refers only to physical delivery of the subpoena, not valid service. ("Further, we don't view the references to 'service of the subpoena' in C.R.C.P. 45(b)(3) to mean that, after January 1, 2013, subpoenas could be validly served even if the witness was not tendered the required mileage fee . . . . [T]he fact that the physical subpoena must be 'served' on a witness does not mean that there are no further requirements for valid service of the subpoena." *Supra* ¶ [ ]). This reading harmonizes the otherwise conflicting deadlines discussed above. But Rule 45 is rife with references to "service" of a subpoena. How do we know when "service" refers to mere physical delivery of the subpoena and when it refers to legally valid service?

¶ 63    In sum, I conclude that tendering the mileage fee is not a component of valid service.  It therefore does not matter whether Fogel received the mileage fee.  Because he physically received the subpoena, service was valid.  It may be true, as the majority recognizes, that the subpoena *itself* was invalid and unenforceable if Fogel never received the mileage fee.  But that issue, the majority and I agree, is not before us.  Both in the trial court and on appeal, Fogel attacked only the validity of service.

¶ 64    I would therefore affirm the contempt order.