1
 2026 CO 12 In Re The People of the State of Colorado, Plaintiff v. Robert Joe Dilka, Defendant No. 25SA187Supreme Court of Colorado, En BancMarch 2, 2026
          
 Original Proceeding Pursuant to C.A.R. 21 Weld County
 District Court Case No. 25CR336 Honorable Audrey Galloway,
 Judge
 
 2
 
          
 Attorneys for Plaintiff: Michael J. Rourke, District
 Attorney, Nineteenth Judicial District Blake Madone, Deputy
 District Attorney Greeley, Colorado
 
 
          
 Attorneys for Defendant: Teodorovic Law, P.C. Adrienne R.
 Teodorovic Windsor, Colorado
 
 3
 
           CHIEF
 JUSTICE MARQUEZ delivered the Opinion of the Court, in which
 JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE SAMOUR and JUSTICE
 BERKENKOTTER joined.
 
 
          
 OPINION
 
 
          
 MARQUEZ, CHIEF JUSTICE
 
 4
 
          ¶1
 In this original proceeding, we review the trial court's
 ruling at a preliminary hearing that Robert Joe Dilka's
 criminal violation of a protection order[1] under section
 18-6-803.5, C.R.S. (2025), constituted a predicate crime for
 purposes of second degree burglary under section 18-4-203,
 C.R.S. (2025).
 
 
          ¶2
 To commit second degree burglary, a person must enter or
 remain unlawfully in a building or occupied structure
 "with intent to commit therein a crime against another
 person or property." § 18-4-203(1). The question
 here is whether, as a matter of law, the criminal violation
 of a protection order amounts to a "crime against
 another person or property" for purposes of second
 degree burglary.
 
 
          ¶3
 Per our decision in People v. Rhorer, 967 P.2d 147
 (Colo. 1998), the answer is yes. There, we expressly held
 "that a violation of a no-contact order constitutes a
 predicate crime for purposes of the burglary statute."
 Id. at 148. In so holding, we reasoned that because
 the General Assembly has deemed the violation of a protection
 order a crime in and of itself, see id. at 151 n.6
 (citing § 18-6-803.5, 8B
 
 5
 
 C.R.S. (1986 &Supp. 1992)), the defendant's
 "intent to violate the no-contact order by breaking into
 [the victim's] home constituted an 'intent to commit
 therein a crime against [a] person or property' and
 fulfilled that element of the crime of second degree
 burglary." Id. at 151 (quoting § 18-4-203,
 C.R.S. (1997)). Today, we confirm that Rhorer
 established a bright-line rule that a criminal violation of a
 protection order under section 18-6-803.5 serves as a
 predicate crime for second degree burglary because such a
 violation constitutes a crime against another person or
 property.
 
 
          ¶4
 Here, the trial court properly concluded that, under
 Rhorer, the criminal violation of a protection order
 serves as a predicate offense for purposes of second degree
 burglary. Accordingly, we discharge the order to show cause
 and remand the case for further proceedings.
 
 
          I.
 Facts and Procedural History
 
 
          ¶5
 The People charged Dilka with second degree burglary and
 several other offenses[2] after he unlawfully entered his
 ex-wife's home in violation of a mandatory protection
 order issued under section 18-1-1001, C.R.S. (2025). The
 
 6
 
 protection order prohibited Dilka from contacting his ex-wife
 and barred him from her home.
 
 
          ¶6
 At a preliminary hearing on the burglary charge, the People
 presented testimony and other evidence that Dilka violated
 the protection order when he jumped the fence to enter his
 ex-wife's yard, damaged the doorbell and back door, and
 ultimately entered the home. Despite his ex-wife's
 insistence that he leave, he followed her into the home. His
 ex-wife locked herself in the bathroom and called the police.
 When the police arrived, they found Dilka jumping back over
 the fence and placed him in custody.
 
 
          ¶7
 Dilka did not contest this evidence. Instead, he argued that
 his conduct did not amount to a "crime against another
 person or property" for purposes of second degree
 burglary. The trial court rejected Dilka's argument,
 reasoning that under Rhorer, the violation of a
 protection order serves as a predicate crime for purposes of
 second degree burglary because it is a crime against a person
 or property. The court further reasoned that the protection
 order in this case clearly stated that Dilka was to stay away
 from the victim's home or any other location where she
 was likely to be found, and that by violating that order,
 Dilka committed a crime against a person or property. Thus,
 based on its understanding of Rhorer, the court
 concluded that the People had met their burden to establish
 probable cause for the second degree burglary charge and set
 that charge over for trial.
 
 7
 
          ¶8
 Dilka sought this court's review of the trial court's
 ruling under C.A.R. 21. We granted his petition and now
 discharge the order to show cause.
 
 
          II.
 Jurisdiction
 
 
          ¶9
 Under C.A.R. 21, this court has "sole discretion to
 exercise our original jurisdiction." People v.
 Justice, 2023 CO 9, ¶ 17, 524 P.3d 1178, 1182
 (quoting People v. Cortes-Gonzalez, 2022 CO 14,
 ¶ 21, 506 P.3d 835, 842). Any relief granted under Rule
 21 is "extraordinary in nature and ... . will be granted
 only when no other adequate remedy is available." C.A.R.
 21(a)(2). We have granted such relief under Rule 21
 "when an appellate remedy would be inadequate, when a
 party may otherwise suffer irreparable harm, [or] when a
 petition raises 'issues of significant public importance
 that we have not yet considered.'" People v.
 Walthour, 2023 CO 55, ¶ 8, 537 P.3d 371, 374
 (alteration in original) (quoting People v. Kilgore,
 2020 CO 6, ¶ 8, 455 P.3d 746, 748).
 
 
          ¶10
 Here, we agree with Dilka's contention that any appellate
 remedy would be inadequate because the issue concerns the
 trial court's probable cause determination at Dilka's
 preliminary hearing, which is unreviewable on appeal. See
 People v. Nichelson, 219 P.3d 1064, 1066-67 (Colo.
 2009). In addition, this case presents an issue of statutory
 interpretation that warrants guidance from this court. For
 these reasons, we exercise our jurisdiction under Rule 21.
 
 8
 
          III.
 Analysis
 
 
          ¶11
 After setting forth the standard of review, we begin by
 discussing the holding in Rhorer and confirm that it
 established a bright-line rule that a criminal violation of a
 protection order serves as a predicate crime for purposes of
 the second degree burglary statute. We then explain that the
 rule in Rhorer is consistent with the text of the
 burglary statute and the legislative intent behind section
 18-6-803.5. We conclude that the trial court did not err in
 applying Rhorer to Dilka's case to find probable
 cause to bind over the second degree burglary charge for
 trial.
 
 
          A.
 Standard of Review
 
 
          ¶12
 We review a trial court's probable cause determination at
 a preliminary hearing for an abuse of discretion. White
 v. MacFarlane, 713 P.2d 366, 369 (Colo. 1986). But to
 the extent a trial court's probable cause finding rests
 on interpreting a question of law, we review the trial
 court's interpretation de novo. See People v.
 Webb, 2014 CO 36, ¶ 15, 325 P.3d 566, 570. Here,
 because the trial court's probable cause finding centered
 on its interpretation of sections 18-6-803.5 and 18-4-203, as
 well as our opinion in Rhorer, we review those
 interpretations de novo. ¶13 When interpreting statutes,
 our goal is to discern and give effect to the
 legislature's intent. See Town of Minturn v.
 Tucker, 2013 CO 3, ¶ 27, 293 P.3d 581, 590. In
 doing so, we apply the plain and ordinary meaning of
 undefined phrases
 
 9
 
 and read statutes "in context" to give
 "consistent, harmonious, and sensible effect to all of
 [their] parts." McCoy v. People, 2019 CO 44,
 ¶¶ 37-38, 442 P.3d 379, 389.
 
 
          B.
 Rhorer
 
 
          ¶14
 Dilka argues that Rhorer only addressed whether a
 protection order violation amounted to a crime at all and did
 not establish a categorical rule that violating a protection
 order constitutes a predicate crime "against another
 person or property" for purposes of burglary. We
 disagree.
 
 
          ¶15
 The defendant in Rhorer broke his
 ex-girlfriend's basement window in an effort to get into
 her home. 967 P.2d at 148. At the time, a protection order
 issued by the Denver County Court was in effect prohibiting
 the defendant from contacting the victim. Id. The
 People charged the defendant with second degree burglary and
 other crimes. Id.
 
 
          ¶16
 At trial, the jury was instructed and given a verdict form
 that allowed it to find the defendant guilty of burglary
 using any of three predicate crimes: assault, menacing, or
 violation of a protection order. Id. The jury
 returned a verdict finding the defendant guilty of second
 degree burglary based solely on the defendant's intent to
 violate the protection order. Id.
 
 
          ¶17
 A split division of the court of appeals reversed the
 conviction, reasoning that the violation of a protection
 order entered pursuant to a municipal ordinance
 (rather than a state statute) was not a crime. People v.
 Rhorer, 946 P.2d 503, 506-08 (Colo.App. 1997),
 rev'd, 967 P.2d at 151.
 
 10
 
 The division majority refused to consider section 18-6-803.5,
 the state statute criminalizing protection order violations,
 because the People did not rely on section 18-6-803.5 to
 justify the second degree burglary charge. Id. at
 507-08. The division majority further reasoned that “an
 intent simply to enter [the] premises, even if in violation
 of a court order, would not constitute an intent to commit
 another crime ‘therein'” beyond the intent to
 make an unlawful entry. Id. at 508. Dissenting in
 part, Judge Metzger reasoned that at the time of the offense,
 a violation of a protection order issued by a municipal court
 was a misdemeanor under section 18-6-803.5, and thus, such a
 violation “was an appropriate predicate offense for the
 crime of burglary.” Id. at 509 (Metzger, J.,
 concurring in part and dissenting in part).
 
 
          ¶18
 We granted certiorari review and reversed. We noted at the
 outset that "the court of appeals held that an intent to
 violate a no-contact order does not qualify as an 'intent
 to commit therein a crime against a person or
 property'" in violation of section 18-4-203.
 Rhorer, 967 P.2d at 147 (quoting § 18-4-203(1),
 C.R.S. (1997)). We observed that the court of appeals
 reversed the defendant's conviction for burglary based
 solely on the jury's finding that the defendant intended
 to violate a protection order (and not an intent to commit
 assault or menacing). Id. at 148. In other words,
 the court of appeals reasoned that the defendant's act of
 breaking into the victim's home in violation of the
 protection order could not,
 
 11
 
 without more, serve as a predicate crime for second degree
 burglary. We then expressly disagreed with the court of
 appeals' analysis and held that "a violation of a
 no-contact order constitutes a predicate crime for purposes
 of the burglary statute." Id. We reasoned that
 at the time of the crime, section 18-6-803.5 was already the
 law, making the violation of a protection order a crime under
 state law. Id. at 149-51. In particular, we observed
 that the protection order at issue in the case "was
 obviously intended to protect [the ex-girlfriend] from the
 harms delineated in section 18-6-803.5(1)." Id.
 at 150. Specifically, the order barred the defendant from
 "threatening, beating, striking, or assaulting" her
 and "require[d] [the defendant] to leave certain
 premises and refrain from entering or remaining on such
 premises." Id. (first alteration in original)
 (quoting § 18-6-803.5(1), 8B C.R.S. (1986 &Supp.
 1992)).
 
 
          ¶19
 We reasoned that the violation of the protection order issued
 in the case by the Denver County Court pursuant to its
 authority under the Domestic Abuse Act, sections 14-4-101 to
 -105, 6B C.R.S. (1987 &Supp. 1992), constituted a crime
 under section 18-6-803.5. Rhorer, 967 P.2d at 150.
 Thus, the defendant's "violation of the no-contact
 order was an appropriate predicate crime under the second
 degree burglary statute." Id. In reaching this
 conclusion, we expressly rejected the court of appeals'
 reasoning that the jury failed to find that the defendant
 intended to commit a crime apart from the intent to commit an
 unlawful entry, again
 
 12
 
 emphasizing that the legislature has deemed the violation of
 a protection order "a crime in and of itself."
 Id. at 151 n.6. We then summarized our analysis,
 holding that the defendant's "intent to violate the
 no-contact order by breaking into [the victim's] home
 constituted an 'intent to commit therein a crime against
 [a] person or property' and fulfilled that element of the
 crime of second degree burglary." Id. at 151
 (quoting § 18-4-203(1), C.R.S. (1997)).
 
 
          ¶20
 This categorical statement in Rhorer means what it
 says: a criminal violation of a protection order is not just
 a crime, but a requisite predicate "crime against
 another person or property" for purposes of second
 degree burglary. § 18-4-203(1).
 
 
          ¶21
 We therefore reject Dilka's contention that our holding
 in Rhorer was limited to whether a violation of a
 protection order constituted a crime at all. Rather, the
 language quoted above makes clear that we held that it
 does serve as a predicate crime, specifically, that
 a criminal violation of a protection order under section
 18-6-803.5 qualifies as a "crime against [a] person or
 property."
 
 
          C.
 Rhorer Is Consistent with the Text of the Burglary
 Statute and the Purpose of Section 18-6-803.5
 
 
          ¶22
 The legislature did not define the phrase "crime against
 another person or property" in the burglary statute.
 § 18-4-203(1). Although the legislature could have
 easily referenced specific categories of offenses in the
 Criminal Code, such as "Offenses Against the
 Person" in article 3 of title 18, or "Offenses
 Against
 
 13
 
 Property" in article 4 of title 18, it did not do so.
 Accordingly, we construe the phrase according to its plain
 and ordinary meaning to refer to an offense involving harm or
 the threat of harm to another person or to
 property.[3]
 
 
          ¶23
 With this plain and ordinary meaning of the phrase in mind, a
 close look at the definition of protection order in section
 18-6-803.5 clarifies why the Rhorer court understood
 a criminal violation of a protection order to qualify as a
 "crime against [a] person or property."
 Rhorer, 967 P.2d at 151 (quoting § 18-4-203(1),
 C.R.S. (1997)). This statute defines a protection order as
 any order issued by a state
 
 14
 
 or municipal court that prohibits the restrained person from
 harming or threatening to harm the protected person or their
 property (including animals):
 
 
 'Protection order' means any order that prohibits the
 restrained person from contacting, harassing, injuring,
 intimidating, molesting, threatening, or touching any
 protected person or protected animal, or from entering or
 remaining on premises, or from coming within a specified
 distance of a protected person or protected animal or
 premises or any other provision to protect the protected
 person or protected animal from imminent danger to life or
 health . . . .
 
 
 § 18-6-803.5(1.5)(a.5)(I).
 
 
          ¶24
 Every aspect of this definition shows that protection orders
 exist to shield protected persons and their property from
 harm or the threat of harm by the restrained party. Notably,
 this definition applies to protection orders throughout the
 Colorado statutes, including both civil protection orders
 issued pursuant to article 14 of title 13, and mandatory
 criminal protection orders issued pursuant to section
 18-1-1001. § 18-6-803.5(1.5)(a.5)(I)(A).[4]
 
 
          ¶25
 The legislative declaration in section 13-14-100.2, C.R.S.
 (2025), further reveals the legislature's concern with
 shielding protected parties from harm or the
 
 15
 
 threat of harm.[5] The declaration begins by recognizing that
 protection orders "promote safety, reduce violence and
 other types of abuse, and prevent serious harm and
 death." § 13-14-100.2(1). It underscores that
 victims of domestic abuse are subjected to not just physical
 violence and harm, but also mental and emotional abuse, as
 well as various forms of control that make "a victim
 more likely to return to an abuser due to fear of retaliation
 or inability to meet basic needs." §
 13-14-100.2(2). The declaration further acknowledges that
 victims experience both physical and emotional trauma from
 unwanted contact with perpetrators and endure intense
 physical and emotional distress from stalkers. §
 13-14-100.2(3)-(4).
 
 
          ¶26
 Similarly, the statute establishing mandatory protection
 orders in criminal cases acknowledges the potential for harm
 to the victims of crime as well as the potential for
 witnesses to be subjected to intimidation or retaliation.
 § 18-1-1001(1). The statute thus requires a court to
 enter protection orders that bar a defendant from
 "harassing, molesting, intimidating, retaliating
 against, or tampering with
 
 16
 
 any witness to or victim of the acts charged." §
 18-1-1001(1)(a). It also authorizes the court to impose
 additional restrictions, such as prohibitions on contacting a
 protected party, being in locations where the victim or
 witness is likely to be found, possessing firearms, and the
 consumption of alcohol when there is a sufficient nexus to
 the safety of a victim or witness. §
 18-1-1001(3)(a)(II).
 
 
          ¶27
 Section 18-6-803.5 recognizes that a restrained party's
 violation of such protection order provisions innately
 threatens a protected person's safety. Such violations
 present the very psychological, emotional, and potentially
 physical harm to the protected party (or to property,
 including animals) that such protection orders seek to avoid.
 
 
          ¶28
 For all these reasons, we reaffirm the rule established in
 Rhorer: the criminal violation of a protection order
 under section 18-6-803.5 is a "crime against another
 person or property" for purposes of section 18-4-203(1)
 and thus serves as a predicate crime for second degree
 burglary.
 
 
          IV.
 Conclusion
 
 
          ¶29
 The trial court correctly relied on our holding in
 Rhorer to conclude that Dilka's violation of the
 mandatory protection order served as a predicate crime for
 second degree burglary and properly bound the charge over for
 trial. Accordingly, we discharge the order to show cause and
 remand the case to the trial court for further proceedings.
 
 17
 
          
 JUSTICE GABRIEL, dissenting.
 
 18
 
          ¶30
 Relying on our decision in People v. Rhorer, 967
 P.2d 147, 148 (Colo. 1998), the majority concludes that the
 violation of a protection order is, as a matter of law, a
 predicate crime to support a burglary charge, regardless of
 whether the facts establish that the violation constituted a
 crime against another person or property, an essential
 element of the crime of burglary. Maj. op. ¶¶ 2-3,
 14, 20, 28.
 
 
          ¶31
 Because (1) I do not agree that every violation of a
 protection order, regardless of the facts at issue,
 constitutes a crime against another person or property
 sufficient to establish a predicate crime for second degree
 burglary; (2) holding otherwise unnecessarily lowers the
 prosecution's burden of proof in all burglary cases in
 which the defendant may have violated a protection order and
 will lead to absurd and unjust results in many cases; and (3)
 our decision in Rhorer did not actually decide the
 question now before us, I respectfully dissent.
 
 
          I.
 Factual Background
 
 
          ¶32
 The majority sufficiently sets forth the relevant facts. I
 will not repeat all of those facts here, but I will highlight
 the facts most pertinent to my analysis.
 
 
          ¶33
 The alleged victim, who is Robert Joe Dilka's ex-wife,
 had a protection order against Dilka. The protection order
 precluded Dilka from contacting the alleged victim or being
 in any place that she was likely to be.
 
 19
 
          ¶34
 Notwithstanding the terms of the protection order, on the day
 in question, Dilka entered the alleged victim's backyard
 and then her home. No evidence presented at the preliminary
 hearing indicated that he said anything to the alleged victim
 after he entered the home, nor did he make any threats. In
 addition, it appears that, at all times, there was a door
 between him and the alleged victim, and he did not make any
 attempt to open that door. According to him, he simply wanted
 to retrieve his backpack.
 
 
          ¶35
 The alleged victim contacted the police to report a
 protection order violation, and the police responded to her
 home. Dilka was subsequently arrested and charged with second
 degree burglary, which requires the prosecution to prove that
 Dilka "[broke] an entrance into, enter[ed] unlawfully
 in, or remain[ed] unlawfully . . . in a building or occupied
 structure with intent to commit therein a crime against
 another person or property." § 18-4-203(1), C.R.S.
 (2025).
 
 
          ¶36
 The matter proceeded to a preliminary hearing. In his
 pre-hearing briefing and at the hearing, Dilka, relying on
 the division's opinion in People v. Poindexter,
 2013 COA 93, 338 P.3d 352, argued that, on the facts
 presented, the prosecution could not establish that any
 violation of the protection order was a crime against another
 person or property. Specifically, Dilka argued that in
 Poindexter, ¶ 11, 338 P.3d at 355-56, the
 division had concluded that (1) crimes against a person
 involve either offenses in which the perpetrator had used or
 threatened to use
 
 20
 
 force or crimes against the body of another human being and
 (2) crimes against property involve offenses in which the
 perpetrator sought to derive an unlawful benefit from or to
 damage another's property without the threat of force.
 Dilka asserted that no facts in this case support a finding
 of a crime against another person or property under these
 definitions.
 
 
          ¶37
 The prosecution responded that in Rhorer, 967 P.2d
 at 148, this court had held that a violation of a protection
 order always constitutes a predicate crime for
 purposes of the burglary statute and, therefore, the
 violation of the protection order alone was enough.
 
 
          ¶38
 The district court agreed with the prosecution and, thus, did
 not analyze the specific facts of this case, beyond
 Dilka's protection order violation, in finding that the
 prosecution had established probable cause to support the
 second degree burglary charge.
 
 
          ¶39
 Dilka then sought relief under C.A.R. 21, and we issued an
 order to show cause.
 
 
          II.
 Analysis
 
 
          ¶40
 I begin by setting forth the elements of second degree
 burglary, and I note particularly the meanings of the
 pertinent terms contained therein. Next, I explain why I do
 not believe that a violation of a protection order
 always constitutes a crime against another person or
 property and why, in holding otherwise, the majority's
 
 21
 
 opinion (1) unnecessarily lowers the prosecution's burden
 of proof in burglary cases in which the defendant violated a
 protection order and (2) will lead to absurd and unjust
 results. I end by explaining why I believe the majority errs
 in relying substantially on Rhorer to reach its
 conclusion in this case.
 
 
          A.
 Applicable Legal Principles
 
 
          ¶41
 "A person commits second degree burglary, if the person
 knowingly breaks an entrance into, enters unlawfully in, or
 remains unlawfully after a lawful or unlawful entry in a
 building or occupied structure with intent to commit therein
 a crime against another person or property." §
 18-4-203(1).
 
 
          ¶42
 Although the statute does not define "a crime against
 another person or property," in Poindexter,
 ¶ 11, 338 P.3d at 355-56, the division adopted the
 definitions of those terms contained in Black's Law
 Dictionary, and the parties appear to agree that those
 definitions apply here.
 
 
          ¶43
 Specifically, the Poindexter division noted that a
 crime against another person is "[a] category of
 criminal offenses in which the perpetrator uses or threatens
 to use force." Id., 338 P.3d at 355 (quoting
 Crimes Against Persons, Black's Law Dictionary
 (8th ed. 2004)). Likewise, an offense against the person is
 "[a] crime against the body of another human
 being." Id. (quoting Offense Against the
 Person, Black's Law Dictionary (8th ed. 2004)). And
 a crime against property is "[a] category of criminal
 offenses in which the perpetrator seeks to derive an
 
 22
 
 unlawful benefit from —or do damage to
 —another's property without the use or threat of
 force." Id., 338 P.3d at 356 (alteration in
 original) (quoting Crimes Against Property,
 Black's Law Dictionary (8 th ed. 2004)). (The current
 definitions in Black's Law Dictionary are
 identical. See Crimes Against Persons, Black's
 Law Dictionary (12th ed. 2024); Crimes Against
 Property, Black's Law Dictionary (12th ed. 2024);
 Offense Against the Person, Black's Law
 Dictionary (12th ed. 2024).) And the division pointed out
 that for purposes of the foregoing definition of a crime
 against property, the fact that an offense presents a risk of
 physical harm to a person does not necessarily establish that
 the offense is a crime against a person. Poindexter,
 ¶ 12, 338 P.3d at 356.
 
 
          B.
 Protection Orders and Crimes Against Persons or
 Property
 
 
          ¶44
 Applying the plain meanings of the foregoing terms, it is
 indisputable that a violation of a protection order
 can constitute a crime against another person or
 property. For example, a person who is subject to a
 protection order would likely commit a crime against another
 person if the perpetrator accosted a protected person and
 used or threatened to use force in the course of the
 interaction. Similarly, a person who is subject to a
 protection order would likely commit a crime against property
 if the perpetrator entered into a protected space and stole
 or damaged items belonging to the protected person.
 
 23
 
          ¶45
 But under the plain meanings of the foregoing terms, a
 violation of a protection order does not always
 constitute a crime against another person or property. For
 example, a person subject to a protection order might enter a
 protected space simply by walking into it without using or
 threatening to use any force and without encountering another
 person. Likewise, a person subject to a protection order
 might enter a protected space without force or threat of
 force and at a time when the protected person is not expected
 to be there simply to retrieve the perpetrator's own
 property. I am hard-pressed to see how such conduct would
 constitute either a crime against another person or property
 as defined above (again, the People do not appear to dispute
 those definitions here).
 
 
          ¶46
 Nor is every protection order violation by its very nature a
 crime against another person, as the People suggest. For
 example, as Dilka observes, section 18-1-1001(1)(a), C.R.S.
 (2025), imposes a mandatory protection order against all
 persons charged with violating any provision of title 18,
 which would include persons charged with drug distribution,
 possession of a weapon by a previous offender, or other
 crimes unrelated to domestic violence, many of which might be
 deemed victimless crimes (i.e., as crimes against society,
 rather than crimes against individual victims).
 
 
          ¶47
 For these reasons, in my view, there is no legitimate basis
 to conclude that a violation of a protection order is
 —in every case, regardless of the facts of the
 
 24
 
 case —a crime against another person or property and,
 therefore, a predicate offense to second degree burglary.
 Rather, I believe that the law requires a case-by-case
 assessment to determine whether the protection order
 violation at issue was, in fact, a crime against another
 person or property.
 
 
          ¶48
 To hold otherwise, as the majority does today, unnecessarily
 lowers the prosecution's burden of proof in burglary
 cases in which the defendant violated a protection order.
 Now, in such a case, the prosecution need no longer prove
 that the defendant committed a crime against another person
 or property, as those terms have been defined in case law.
 Rather, the violation of a protection order alone and as a
 matter of law establishes these essential elements of the
 crime of second degree burglary.
 
 
          ¶49
 I perceive no basis in law for allowing a court to relieve
 the prosecution of the burden of proving beyond a reasonable
 doubt essential elements of second degree burglary (or any
 other crime), and the majority cites none.
 
 
          ¶50
 Moreover, the majority's ruling will lead to absurd and
 unjust results in many cases. Take the examples that I cited
 above (i.e., the scenarios in which (1) a person subject to a
 protection order enters a protected space simply by walking
 into it without using or threatening to use any force or
 without encountering another person and (2) the perpetrator
 enters a protected space without force or threat of force and
 at a time when the protected person is not expected to be
 there
 
 25
 
 simply to retrieve the perpetrator's own property). Under
 the majority's view, this conduct alone can be a
 predicate offense for second degree burglary, which is either
 a class 3 or class 4 felony, § 18-4-203(2), with all of
 the severe collateral consequences attendant to convictions
 of such crimes. I, however, cannot perceive how such conduct
 would constitute a crime against another person or property,
 and I believe that concluding otherwise, and allowing such
 conduct to support a second degree burglary charge, would be
 absurd and manifestly unjust.
 
 
          C.
 Rhorer
 
 
          ¶51
 The majority's principal basis for concluding that any
 violation of a protection order is, as a matter of law, a
 crime against another person or property and therefore a
 predicate crime for second degree burglary is that we
 purportedly so concluded in Rhorer, 967 P.2d at 148.
 Although I acknowledge that certain language that we used in
 that case was broad, a close reading of the case shows that
 the issue presented today was not, in fact, before us in
 Rhorer. Nor did we actually conclude that a
 violation of a protection order is, in every case, a crime
 against another person or property.
 
 
          ¶52
 In Rhorer, the Denver County Court had issued,
 pursuant to a municipal ordinance, a no-contact order against
 the defendant. Id. at 147-48. A division of our
 court of appeals subsequently concluded that because a
 municipal ordinance is not a public law, its violation is not
 a crime. Id. at 149. Accordingly, in the
 
 26
 
 division's view, the prosecution had not proved that the
 defendant had committed a predicate "crime" for
 purposes of the burglary statute. Id. at 147, 149.
 
 
          ¶53
 The People sought certiorari, and we granted their petition,
 explaining in the very first sentence of our opinion,
 "We granted certiorari... to determine whether violation
 of a 'no-contact' court order ... issued by the
 Denver County Court pursuant to a municipal ordinance can
 serve as a predicate act, i.e., constitutes a
 'crime,' for purposes of the second degree burglary
 statute." Id. at 147 (citations omitted). This
 was the only question before us in that case.
 
 
          ¶54
 We ultimately reversed the division's judgment,
 concluding that when the Denver County Court had issued its
 no-contact order, it had invoked its authority under state
 law. Id. at 150. Thus, we determined that the jury
 was appropriately instructed that the violation of the
 no-contact order at issue could serve as a predicate crime
 for purposes of the second degree burglary statute.
 Id. at 151.
 
 
          ¶55
 Notwithstanding that the foregoing was the actual holding in
 that case, in our opinion, we said, "We hold that a
 violation of a no-contact order constitutes a predicate crime
 for purposes of the burglary statute." Id. at
 148. Although when taken out of context, this statement seems
 exceptionally broad, we must read the statement in the
 context of our conclusion that a protection order violation
 can be a predicate crime to burglary even if the order was
 issued pursuant to a municipal ordinance. In my view, that is
 all that our statement was intended to convey. And
 
 27
 
 as Dilka contends, we did not address the issue
 presented here, namely, whether a protection order violation
 is always a crime against another person or property
 and is therefore, in every case, a predicate crime that can
 support a burglary charge. As noted above, that question was
 not before us.
 
 
          ¶56
 Because I believe that the district court here misinterpreted
 what we actually held in Rhorer (as I respectfully
 believe my colleagues in the majority do), that court never
 considered whether, on the facts presented, the violation of
 the protection order at issue constituted a crime against
 another person or property, as those terms have been defined
 by case law. Moreover, without pre-judging the issue, I
 believe that Dilka has presented a credible argument that the
 district court could not properly have found that he
 committed a crime against another person or property because
 no evidence indicated that he had used or threatened to use
 force against the alleged victim, committed a crime against
 the alleged victim's person, or sought to damage the
 alleged victim's property without the use of force.
 
 
          ¶57
 Accordingly, I believe that further proceedings are warranted
 to allow the district court to determine, on the facts
 presented, whether probable cause indeed exists to permit the
 prosecution to pursue a charge of second degree burglary
 against Dilka.
 
 28
 
          III.
 Conclusion
 
 
          ¶58
 For these reasons, (1) I do not agree that every violation of
 a protection order, regardless of the facts at issue,
 constitutes a crime against another person or property
 sufficient to establish a predicate crime for second degree
 burglary; (2) holding otherwise unnecessarily lowers the
 prosecution's burden of proof in all burglary cases in
 which the defendant may have violated a protection order and
 will lead to absurd and unjust results in many cases; and (3)
 our decision in Rhorer did not actually decide the
 question now before us. Accordingly, I would make our order
 to show cause absolute and return this case to the district
 court with instructions that the court determine, based on
 the facts presented, whether Dilka committed a crime against
 another person or property sufficient to support the second
 degree burglary charge against him.
 
 
          ¶59
 I therefore respectfully dissent.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Protection orders are also called
 "no-contact orders" and "restraining
 orders" in common parlance and past case law. For
 consistency, we refer to them as "protection
 orders" throughout this opinion, consistent with current
 Colorado statutes. See § 18-1-1001, C.R.S.
 (2025); § 18-6-803.5, C.R.S. (2025); § 18-6-803.7,
 C.R.S. (2025).
 
 
 [2] Dilka is charged with one count of
 second degree burglary, § 18-4-203(1), (2)(b)(I); two
 counts of violation of a protection order, §
 18-6-803.5(1)(a) (relating to mandatory protection orders
 issued in two separate Weld County cases); one count of
 criminal mischief, § 18-4-501(1), (4)(c), C.R.S. (2025);
 and one count of second degree criminal trespass, §
 18-4-503(1)(a), C.R.S. (2025).
 
 
 [3] Although Dilka relies on the court of
 appeals' analysis of this phrase in People v.
 Poindexter, 2013 COA 93, ¶¶ 11-15, 338 P.3d
 352, 355-56, we are not bound by that decision. In any event,
 the statutory history of the second degree burglary statute
 supports a broad reading of the phrase. The phrase did not
 appear in the second degree burglary statute until 1971 when
 the legislature added it as part of the overhaul of
 Colorado's criminal code. See Ch. 121, sec. 1,
 § 40-4-203, 1971 Colo. Sess. Laws 388, 427. Before that
 time, second degree burglary allowed any felony or
 misdemeanor to serve as a predicate crime. See
 § 40-3-5, 3 C.R.S. (1963) (defining the predicate
 offenses for second degree burglary as "murder, robbery,
 rape, mayhem, larceny, or other felony or
 misdemeanor" (emphasis added)). When the 1971
 revision replaced this language with the phrase "crime
 against a person or property," 1971 Colo. Sess. Laws at
 427, an official comment accompanied the amendment,
 clarifying that the new language "embod[ied] the
 substance of section 40-3-5, C.R.S. 1963." §
 40-4-202 cmt., 3 C.R.S. (1963 & Supp. 1971). Because the
 "substance of section 40-3-5, C.R.S. 1963,"
 id., included all felonies and misdemeanors as
 predicate crimes, we can infer, at a minimum, that the
 legislature intended the replacement phrase "crime
 against a person or property" to be broadly construed.
 See Cooper v. People, 973 P.2d 1234, 1240 (Colo.
 1999) (relying on the official comments appended to the
 burglary statutes as evidence of the statutes' proper
 scope).
 
 
 [4] The definition also applies to orders
 under section 19-2.5-607, C.R.S. (2025) (requiring protection
 orders against juvenile criminal offenders and their parents
 akin to those imposed on adults under section 18-1-1001);
 section 19-4-111(4), C.R.S. (2025) (allowing parties to
 family law proceedings concerning parental rights and
 responsibilities to request temporary protection orders
 concerning the allocation of parental responsibility,
 decision-making responsibility, and parenting time); and
 C.R.C.P. 365 (providing limited authority to county courts to
 issue temporary restraining orders).
 
 
 [5] The statute criminalizing protection
 order violations cross references and incorporates elements
 of the civil protection order statutes. See §
 18-6-803.5(1)(c)(I), (1.5)(a.5)(I)(A) (stating that certain
 civil protection order violations can be crimes and including
 civil protection orders in the definition of
 "[protection order"). And the legislative
 declaration itself cross references the "mandatory
 criminal process" for protection orders in section
 18-1-1001. § 13-14-100.2(1). Thus, while the civil and
 criminal protection order statutes reside in different titles
 of the code, the legislature has treated the criminal
 violation of either the same under section 18-6-803.5. Such
 violations present the same harm or threat of harm to
 protected persons and their property.
 
 
 ---------